SAM F. CIULLA et al., Respondents, v. ERMINIA D'AMBROSI, Appellant.—Appeal from an order of the County Court of Albany County, directing summary judgment for the plaintiffs in the sum of $500, and from the judgment entered thereon, and defendant-appellant also appeals from that part of the order denying a cross motion for summary judgment in her favor. The action was for the recovery of a $500 deposit paid upon a contract for the purchase of real property. The price for the property was $11,500, and the contract contained the following provisions: " $500.00 deposit, $500.00 balance in cash at time of closing. Mortgage of $10,500.00. This Contract is contingent upon the Vendee's obtaining a G. I. or Veterans Administration mortgage in the sum of $10,500.00. If the above mortgage is not obtained after diligent effort by the Vendees, this contract will be null and void and all deposits returned. Deposit of $500.00 receipt of which is hereby acknowledged. Purchaser to have the privilege to cancel this contract if unable to secure said First Mortgage by December 21, 1953 and to receive back deposit as shown." The foregoing terms are by no means clear in any aspect. Defendant insists that the second paragraph was intended as a limitation on the language of the first paragraph, i.e., that if plaintiffs intended to rely on a failure to obtain a G. I. mortgage in the sum of $10,500 as a basis for cancellation of the contract they had to act by December 21, 1953. Plaintiffs argue to the contrary that the same paragraph merely gave them the option to withdraw prior to the date specified but did not otherwise limit the meaning of the language of the first paragraph. It is undisputed that plaintiffs did not attempt to cancel the contract by December 21, 1953, and it is also undisputed that they were never able to obtain a G. I. mortgage in the amount expressed. The court below held that the only legal effect of the second paragraph of the terms was to give plaintiffs the privilege of cancellation even if a G. I. mortgage in the sum of $10,500 was obtained, providing they exercised this privilege by the date specified. We are unwilling to agree with this construction. Plaintiffs had the privilege of cancellation only " if unable to secure said first mortgage by December 21, 1953 ". The crux of the controversy seems to be whether the plaintiffs were obligated to cancel the contract by that date if they wished to rely upon their inability to secure a G. I. mortgage. We think the terms as expressed in the agreement are ambiguous as to this issue and not susceptible of a correct and just interpretation purely as a matter of law. The affidavits submitted upon the motions for summary judgment are not decisive of this issue and some proof should be taken as to how, why and for whose benefit the second paragraph of the terms was included in the agreement. There was some discussion on the oral argument to the effect that the second clause was inserted in the contract after its execution by defendant's counsel and without the knowledge of the plaintiffs.

Nothing of this kind is alleged in the complaint or in the motion papers for summary judgment. The complaint itself states a straight action to recover the $500 deposit on the ground that plaintiffs were unable to obtain a G. I. mortgage in the sum of $10,500. Moreover the respondent's brief treats the clause in question as being properly in the contract and merely argues as to how it should be construed. That part of the order which directed summary judgment in favor of the plaintiffs, and the judgment itself, reversed on the law and the facts and the case remitted for trial, with costs to abide the event. That part of the order which denied the defendant's cross motion for summary judgment affirmed, without costs. Foster, P. J., Coon, Halpern, Imrie and Zeller, JJ., concur.