Mario Pittoki, J.
The plaintiffs purchasers have brought this action for the return of the $2,580 deposited on account of the purchase price of a certain house and land in Grlen Cove, Long Island. The defendant’s answer contains not only certain denials but affirmative defenses of failure to make diligent application for the stipulated mortgage and of failure to advise the defendant seller in writing on or before August 10, 1956, whether or not the plaintiffs had succeeded in obtaining the agreed mortgage loan. The defendant also counterclaims for material concealment of facts by the plaintiffs causing the defendant certain monetary damages from the resultant nonsale.
The plaintiffs orally agreed with the defendant, early in July, 1956, for the purchase and sale of the subject property; and the plaintiffs applied in writing July 5,1956 for an $18,000, *845 5%, 20-year mortgage loan on the subject premises from the County Federal Savings and Loan Association. Among other information, the plaintiff husband-purchaser stated that he was 61 years of age.. On July 13, 1956, after a telephone conversation, the plaintiff husband advised the Loan Association that he had decided not to purchase the subject property because of transportation difficulties. On July 23, 1956, the plaintiff husband wrote the Loan Association to reinstate the application for a mortgage loan on the subject house. Thereafter, on July 26, 1956, the plaintiffs and the defendant entered into a written agreement for the sale of the subject property. That instrument said: “ This contract is conditional upon the purchasers obtaining at their own cost and expense a conventional mortgage in the amount of $18,000.00 at 5% for a period of not less than 20 years from a lending institution on or before August 10, 1956. * *" * The purchasers shall advise, in writing, the attorney for the seller within said period as to whether or not such mortgage is not obtained within said period * * * In the event that the purchasers give no notice before August 15, 1956, then this contract shall not be cancellable after August 15, 1956.” On the signing of the contract July 26, 1956, the plaintiffs paid the defendant $2,580 as a deposit on account of the purchase price.
By letter dated August 14, 1956, the plaintiffs notified the defendant seller of their inability to procure the required 20-year mortgage loan, and of the willingness of the Loan Association to give only a 15-year loan to the 61-year-old plaintiff husband, and that the plaintiffs elected to cancel the contract of sale.
The dilatory, vascillating actions by the plaintiffs starting at the time of the first agreement early in July, 1956, and their application for a loan only to that one lending institution with all their intermediate procrastination does not spell out “ diligent application ” as required by the contract.
But more important, the plaintiffs purchasers were required by the terms of the written contract to “ advise, in writing, the attorney for the seller within said period (August 10, 1956) as to whether or not such mortgage is not obtained within said period”. This, the plaintiffs purchasers failed to do. Their first letter in this respect was dated August 14, 1956. That could only satisfy the second requirement, notice of cancellation on or before August 15,1956. The privilege of cancellation was theirs if they notified the seller of intent to cancel the contract before August 15, 1956, and if they first notified the seller by August 10,1956 of their inability to procure the mortgage loan. In short, the plaintiffs have failed to perform “ all the terms *846 and conditions on their part to be performed ” as alleged by them and as required by law.
The complaint should be dismissed.
The defendant seller has proved certain damages which are the direct result of the plaintiffs ’ breach of contract. The court is not satisfied of the necessity for the $600 rental amount for an apartment.
Since the plaintiffs are not entitled to recover the $2,580 demanded from the defendant seller and since the purpose of such a deposit or down payment, as in this case, is to protect the seller against damages from such a breach by the purchaser, as in this case; and since the court finds that the defendant seller has incurred damages substantially equal to $2,580, the decision of this court is for the defendant.
The counterclaim is dismissed, not for lack of merit, but because it is superfluous in the light of this decision.
The complaint is dismissed.
This is the decision of the court pursuant to section 440 of the Civil Practice Act.
Submit judgment on notice.