■ FREDERICK A. FOELSCH et al., Appellants, v. MARIE P. EATON, Respondent.— Action by the purchasers, husband and wife, to recover a deposit paid on a contract to purchase real property, and for other relief. The contract provided that it was conditioned upon the purchasers obtaining a mortgage for a period not less than 20 years, on or before August 10, 1956, that the purchasers were to make diligent application for such mortgage, that they were to advise the seller within said period as to whether or not such mortgage was obtained, and that "In the event that the purchasers give no notice before August 15, 1956 then this contract shall not be cancellable after August 15, 1956". By a letter dated August 6, 1956, the purchasers were notified by the lending institution to which they had applied prior to execution of the contract, that it would give them a mortgage for no more than 15 years. It appears that such time limit was due to the fact that the husband was then over 60 years of age. On August 14, 1956, the purchasers notified the seller of their inability to procure a mortgage as provided in their agreement, and of their election to cancel the contract. The seller counterclaimed to recover damages due to (1) alleged concealment by the husband of his age, knowing that said fact would prevent his obtaining a mortgage for a term as long as that called for in the contract, and (2) fraudulent misrepresentations that he had obtained a tentative commitment. After trial the court dismissed the complaint on the merits and dismissed the counterclaim "not for lack of merit, but as superfluous ". The purchasers appeal from so much of the judgment entered thereon (1) as dismissed the complaint, and (2) as failed to dismiss the counterclaim on the merits. Judgment modified on the law and the facts so as to grant appellants the relief demanded in the complaint, and so as to dismiss the counterclaim on the merits. As so modified, judgment insofar as appealed from unanimously affirmed, with costs to appellants. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. Appellants diligently applied for a mortgage, even before the execution of the contract. When they received the notice that a mortgage for not more than 15 years would be granted, it was then too late to obtain a mortgage elsewhere. Construing the contract strictly against respondent, whose attorney drew it (*Gillet* v. *Bank of America,* 160 N. Y. 549, 554–555), and considering it as a whole, giving effect to all its parts (*Fleischman* v. *Furgueson,* 223 N. Y. 235, 239; Restatement, Contracts, § 235, cl. [c], comment on cl. [c]; 3 Williston, Contracts [rev. ed.], § 619), we construe it to mean that appellants had until August 10, 1956 to obtain a mortgage, failing which they had until August 15, 1956 to give notice of such failure and of their election to cancel. Furthermore, since there is no provision making time of the essence, appellants had a reasonable period of grace after August 10, 1956 within which to serve the requisite notice (*Ballen* v. *Potter,* 251 N. Y. 224, 228). Respondent's proof was insufficient to establish her counterclaim. Appellant husband was under no duty to volunteer his age (*Perin* v. *Mardine Realty Co.,* 5 A D 2d 685 [2d Dept.]), and respondent failed to prove a misrepresentation, as she alleged, that appellants had obtained a tentative commitment. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Hallinan, JJ. [12 Misc 2d 844.]