Mario Pittoni, J.
Motion by the defendant for an order canceling the lis pendens filed by the plaintiffs is granted upon the giving of an undertaking in thé amount of $1,500.
The cross motion by the plaintiffs for summary judgment is denied.
This is an action by the purchasers to recover a deposit paid on a contract to purchase real property. The contract had an unsigned rider attached to it and in the following language: “ In the event that seller is unable to deliver title and possession of the above premises to the purchaser on or before the 1st day of June, 1959, then the purchaser shall have the option of cancelling this contract by giving the seller written notice to such effect within three days after the date mentioned above, and thereupon this contract shall become null and void and all monies paid hereunder shall be returned to the purchaser.”
On May 27, 1959 four days before the option date, the purchasers’ attorney mailed a letter to the seller that the purchasers desired £ ‘ to exercise their option to cancel said contract due to the fact that possession and title cannot be delivered by June 1,1959.” This letter must have been returned because the certified mail receipt has a notation that it was remailed on June 7 or 9. Thereafter, the seller notified the purchasers that title could be closed on July 14. However, on July 2 the purchasers ’ attorney sent the seller another letter telling the seller that the purchasers exercised their option to cancel the contract and that the closing would not take place on July 14.
*199 The plaintiffs contend that the contract provision made time of the essence, that the defendant did not deliver title, and possession by June 1, 1959, and that they are entitled to the $1,000 paid at the time of the contract, plus $262 paid for extras. There is no explanation as to what extras this money was for, or as to why $500 was not given to the defendant on August 1, 1958, as called for in the contract.
The defendant contends that the dwelling was completed long before June 1, 1959, the closing date. As evidence it shows a fire underwriter’s certificate issued February 16, 1959, and a certificate of occupancy issued by the Town of Oyster Bay on February 18, 1960. The defendant says it was unable to close title on the closing date by reason of the Federal Housing Administration’s failure to submit its final inspection report, and that this was because the purchasers had requested certain extras after the contract was executed.
Thus, proof is required at a trial to determine which party drafted the option to cancel provision. The law is that it must be construed strictly against the drafter (Foelsch v. Eaton, 7 A D 2d 730 [2d Dept.]; Ciulla v. D'Ambrosi, 284 App. Div. 1093 [3d Dept.].)
Furthermore, this court cannot say, on the facts before it, that as a matter of law the contract makes time of the essence (Foelsch v. Eaton, supra; Ballen v. Potter, 251 N. Y. 224, 228).
There is also the question of whether or not the option to cancel was properly exercised (10 N. Y. Jur., Contracts, § 423).
Then too, the defendant should be given the opportunity to present facts showing that the extras requested by the plaintiffs caused the delay.
Thus, this record presents questions of fact which prevent the granting of summary judgment (Falk v. Goodman, 7 N Y 2d 87; Sillman v. 20th Century-Fox, 3 N Y 2d 395, 404; Appelman v. Shorewood Realty Corp., 275 App. Div. 1046 [2d Dept.]). Settle order on notice.