PHILIP BALLEN et al., Appellants, *v.* E. CLIFFORD POTTER et al., Respondents.

(Argued April 25, 1929; decided July 11, 1929.)

*Harold R. Medina* and *William Gilbert* for appellants. The circumstances surrounding the execution of the contract, the nature of the subject-matter and the object of the contract inevitably establish that time was intended

to be the essence of the agreement. (*Smith* v. *Browning*, 171 App. Div. 278; affd., 225 N. Y. 358; *Gale* v. *Archer*, 42 Barb. 320; *Hun* v. *Bourden*, 57 App. Div. 351; *Fordham Triangle Realty Co.* v. *Boyle*, 125 Misc. Rep. 324; *Lese* v. *Lamprecht*, 196 N. Y. 32.) The finding by the trial court that the plaintiffs had given the defendants notice on May twenty-first that further adjournments could not be had after May twenty-eighth was in all respects in accord with the weight of evidence and should not have been disturbed. The notice was moreover a reasonable notice, entirely competent to make time of the essence even assuming, though not conceding, that it was not originally so. (*Schmidt* v. *Reed*, 132 N. Y. 108; *Taylor* v. *Joelet*, 208 N. Y. 352; *Darrow* v. *Cornell*, 30 App. Div. 115; *Pratt* v. *Clark*, 118 App. Div. 633; *Kahn* v. *Chapin*, 152 N. Y. 305; *Myers* v. *De Mier*, 52 N. Y. 647; *Schiffer* v. *Dietz*, 83 N. Y. 300; *Lawson* v. *Hogan*, 93 N. Y. 39.) Under no circumstances can the decision of the Appellate Division granting specific performance as against the plaintiffs, who are merely assignees under the contract, be sustained. (*Langel* v. *Betz*, 250 N. Y. 159.)

*C. Alexander Capron, Arthur L. Marvin* and *David Kelly* for respondents. The judgment appealed from is fully supported by the findings of the Appellate Division and by the findings of the trial court. (*Jenkins* v. *Fahey*, 73 N. Y. 355; *Pakas* v. *Clarke*, 136 App. Div. 492; 203 N. Y. 534; *Strasbourger* v. *Hesu Realty Co.*, 198 App. Div. 805; *Begen* v. *Pettus*, 223 N. Y. 662; *Myers* v. *De Mier*, 52 N. Y. 647; *Schiffer* v. *Dietz*, 83 N. Y. 300; *Foland* v. *Italian Savings Bank*, 123 App. Div. 598.) The new findings made by the Appellate Division are amply supported by the evidence. (*Lese* v. *Lamprecht*, 196 N. Y. 32.) The judgment of specific performance as against the plaintiffs is valid and should be affirmed. (*Langel* v. *Betz*, 250 N. Y. 159.)

O'BRIEN, J.   Defendants, other than Payne, held title to a tract of forty-five acres in Easthampton.   March 1, 1926, they agreed in writing to convey it to him.   He assigned the contract to plaintiffs but retained an interest in it.   The date for closing title was designated in the contract as May 14 but written stipulations were exchanged whereby it was adjourned to May 21 and again to May 28.   Plaintiffs were then able and willing to perform but the vendors were unable to pass a marketable title.   Defendants requested but were refused another adjournment to June 11.   Before that day, they succeeded in clearing the title and they so informed plaintiffs and have since been able and willing to perform.   Plaintiffs refused to take title after May 28 and sued to recover the down payment.   The answer demanded specific performance.   The Special Term found the facts as above stated and also found that on May 21 plaintiffs had notified defendants that no other adjournment would be granted after May 28.   It found as additional facts that the contract did not provide that the time of closing title was of the essence and that neither of the stipulations for adjournment provided that time was of the essence.   No finding or conclusion was made by the trial court in relation to any issue whether time was or was not of the essence, but judgment was given for plaintiffs.   The Appellate Division reversed, as against the weight of evidence, the finding that plaintiffs on May 21 notified defendants that May 28 would be the last adjournment, but it affirmed those concerning the absence in the contract and in the stipulations of any provisions making time of the essence.   It made new findings to the effect that no notice was ever given which was sufficient to make time of the essence and that the request for adjournment to June 11 was reasonable and was unreasonably refused. It drew conclusions of law holding that defendants were entitled to a reasonable time in which to remedy defects in title and to prove marketability, dismissed the com-

plaint and decreed specific performance as demanded in the answer. Plaintiffs ask for a reversal because, as they argue, the nature and object of the contract and the circumstances surrounding its execution establish that time was intended to be of its essence and that the trial court's finding that plaintiffs had notified defendants on May 21 concerning a refusal to grant an adjournment beyond May 28 is in accord with the weight of evidence and should not have been disturbed. They argue, also, apparently as an extremely incidental and subordinate point, that the part of the judgment granting specific performance cannot be sustained.

We are asked, in effect, to draw an inference which in its nature must necessarily constitute one of fact, that, from all the circumstances, the parties originally intended time to be of the essence or, in any event, that, by notice subsequently given by one and accepted by the other, they later indicated such an intention. The complaint does not allege time as an essential element of the contract nor does either of the stipulations adjourning the date of closing suggest such an idea. No finding on this subject has been made either at Special Term or the Appellate Division and this court is without power to make an original one. Probably both parties sought to eliminate unnecessary delay. In nearly all instances after contracts have been signed, buyer and seller act to their mutual advantage when they refrain from postponement of performance. Generally neither will gain by deferring the transfer of title. All that is found by the Appellate Division to have been said and done by these parties is consistent with the ordinary procedure by which land is bought and sold. No finding before us removes this contract outside the operation of the rule that the mere designation of a particular date upon which a thing is to be done does not result in making that date the essence of the contract. (*Day* v. *Hunt*, 112 N. Y. 191; *Schmidt* v. *Reed*, 132 N. Y. 108, 113; *Hun* v. *Bourdon*, 57 App. Div.

351; Pomeroy Spec. Performance, § 392.) One claiming that element to be essential is bound, before he can support such a claim, to serve a clear, distinct and unequivocal notice fixing a reasonable time within which the thing must be done. (*Myers* v. *De Mier*, 52 N. Y. 647; *Schiffer* v. *Dietz*, 83 N. Y. 300, 312; Pomeroy Spec. Performance, § 396.) The Appellate Division, in reversing the finding that on May 21, 1926, plaintiffs orally notified defendants that no adjournment would be granted after May 28, did not, in our opinion, appraise the evidence as contrary to its weight. The testimony was conflicting, but one circumstance of extraordinary significance is so impressive as to warrant triers of facts in regarding it as decisive. On May 28, when the parties met for the last time, a record was kept of statements made by the attorneys for the respective parties. Counsel for plaintiffs assigned several reasons for their refusal to take title, but not once did he make reference to any notice nor did he then claim that any had been previously delivered. He said: " My clients decline to grant any further adjournments as in this entire transaction they have felt that the question of time was very material." No stronger characterization than this description of the element of time was ever made by either of the plaintiffs or by their attorney. Even this was not made until they had definitely decided to withdraw. This is far from the unequivocal notice exacted by the law. We agree with the finding that plaintiffs' refusal to extend the time for closing to June 11 was unreasonable, and we are of the opinion that it was the duty of the vendees to accept the vendor's tender on that date. The title was then perfect and no substantial prejudice to plaintiffs would have resulted.

A majority of the judges of the court are of the opinion that under our rulings in *Crowley* v. *Lewis* (239 N. Y. 264) and *Langel* v. *Betz* (250 N. Y. 159), the remedy of specific performance should have been confined to the defendant

Payne, and that the relief as to the plaintiffs should be limited to a dismissal of the complaint. As to this the writer of this opinion holds a different view.

The judgment should be modified in accordance with this opinion and as modified affirmed, with costs to respondents.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and HUBBS, JJ., concur.

Judgment accordingly.