Richard J. Cardamone, J.
The plaintiff (consignee) has moved for summary judgment against the carrier on the loss in transit of two cartons of clothing shipped to the plaintiff clothing store by Harry Irwin, Inc. (shipper) on August 3, 1967 amounting to the sum of $990.20.
The two cartons of clothing were delivered to the defendant Bed Star Express Lines of Auburn, Inc., for delivery to the plaintiff Wells & Coverly, Inc., a retail men’s clothing store in Syracuse, New York, but the defendant trucking company failed to deliver the cartons to the plaintiff. Notice was given on August 3, 1967 by the defendant to Harry Irwin, Inc. that the *270 said cartons had been lost. The plaintiff paid Irwin the full amount of $990.20 and has sought to recover this amount from the defendant, Red Star. The defendant admits (in its statement dated Jan. 7, 1969) that it had delivered to it the two cartons of clothing, that it did not make the delivery, and that it had given notice to Harry Irwin, Inc. that the cartons had been lost and that it had, since August 3,1967, actual knowledge of this loss.
In opposition to the motion for summary judgment the defendant claims that the bill of lading is subject to the applicable motor carrier classification or tariff. The terms of the tariff, filed with the appropriate regulatory agency, set forth, as a condition precedent to recovery, the requirement that claims must be filed in writing with the carrier within nine months after a reasonable time for delivery has elapsed. The defendant alleges that the plaintiff is bound by the terms of the bill of lading and the requirements of the applicable tariff and that it failed to file the required written notice within nine months.
The simple question is whether such tariff is binding on the plaintiff herein so as to defeat its motion for summary judgment, despite the defendant’s admitted knowledge of the loss.
If this transaction is governed by the applicable provisions of the Uniform Commercial Code, the plaintiff is a person entitled to delivery by the defendant (Uniform Commercial Code, § 7-403) and all of the provisions of the Uniform Commercial Code are subject to the tariff which has been filed (Uniform Commercial Code, § 7-103). The questions then remaining would be whether the written proof of loss was filed by the plaintiff within the nine-month period specified in the tariff and whether such nine-month period was a reasonable limitation; if so, summary judgment should be granted to the plaintiff; if not, summary judgment should be granted to the defendant.
The rule of law construing the validity of the shortening of periods of limitation in a variety of commercial transactions is governed by a standard of reasonableness. This standard considers the provisions of the contract, the circumstances of its performance and the bargaining positions of the parties. (Matter of Brown & Guenther [North Queensview Homes], 18 A D 2d 327, 329-330.) Generally, where there is an effective reduction in a time limitation, the parties in litigation were both parties to the contract and had an opportunity to bargain with one another regarding its termination. Even so, the courts have considered some limitations unenforceable as being unreasonable. The plaintiff here is not a party to the contract and had *271 no opportunity to bargain as to this limitation of time. Thus, under the general rule, such a limitation of time would be unenforceable insofar as this plaintiff is concerned (cf. Matter of Brown, supra).
This court has concluded, however, that the facts here do not bring this transaction within the provisions of the Uniform Commercial Code. A careful analysis of all of the papers leads to the conclusion that the goods in question were never delivered by the defendant carrier to the plaintiff at its place of business in Syracuse. Similarly, and as a logical corollary, the bill of lading was never delivered to the plaintiff, either. The carrier is required to tender such bill of lading to the consignee when the shipment is delivered (16 NYCRR 810.2 [b]). Not having received the goods or the hill of lading, this court concludes that the plaintiff was not bound by the terms thereof.
Further, it is the expressed legislative policy of the State that a motor carrier may not by contract exempt itself from any loss such as occurred here. The holder of a bill of lading shall not he deprived of any remedy or right of action which he has under existing law (Public Service Law, § 63-v). The only exception in the statute is that a carrier may establish rates dependent upon values declared in writing by the shipper which may have the effect of limiting liability and limiting recovery to an amount not exceeding the value so declared. Nothing is set forth in the statute with regard to exempting motor carriers from losses for nondelivery of goods bailed to it for delivery, on account of time limitations.
Finally, the defendant admits that: (1) it did not make the delivery to the plaintiff; (2) it gave notice to the shipper that the cartons had been lost; (3) that since August 3, 1967 it has had actual knowledge of the fact of its loss of the cartons which were to have been delivered to the plaintiff. On basic equitable principles, it is impractical to charge the plaintiff here with a duty to search the applicable tariff in order to ascertain the existence of a time limitation. It is more reasonable to impose the burden on the defendant carrier, who has knowledge of such time limitation, requiring it, once it had knowledge of the loss, to serve a clear, distinct and unequivocal notice on the plaintiff fixing the time within which the plaintiff is required to prepare and file a written claim. (Cf. Ballen v. Potter, 251 N. Y. 224, 227-229.) Having neither tendered the hill of lading nor served such a notice on the plaintiff, the defendant cannot be heard to complain now that it did not receive a written notice of a loss which it caused itself and of which it had knowledge.
*272 This record presents no questions of fact the solution of which should await a trial. Accordingly, plaintiff’s motion for summary judgment is granted, with costs.