■ YORAM B. SADOK et al., Appellants, v MELVIN WEINSTEIN et al., Respondents. — In an action, *inter alia,* for specific performance of a contract to sell real property, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rigler, J.), dated November 23, 1982, as denied their motion for summary judgment. Appeal, insofar as it is from so much of the order as denied that branch of plaintiffs' motion which sought summary judgment against defendants Weinstein, dismissed. The action has been settled as to those defendants. Order reversed insofar as it denied that branch of plaintiffs' motion which sought summary judgment against defendants Jacobowitz, on the law, and that branch of plaintiffs' motion granted. Plaintiffs are awarded one bill of costs, payable by defendants Jacobowitz. On October 23, 1980 plaintiffs contracted to purchase a two-family house from the defendants. The original closing date as fixed in the contract was March 17, 1981, but the plaintiffs sought and were subsequently granted an adjournment thereof. The closing was rescheduled for April 28, 1981, and while it is not contested that the plaintiffs were ready, willing and able to perform on that date, one of the co-owners, defendant Philip Jacobowitz, refused to convey title in accordance with the terms of the contract. This action followed. We fail to perceive the existence of any material issue of fact which would prevent the granting of summary judgment in this matter in favor of the plaintiffs. It is clear that time was not of the essence, as the contract did not so provide (cf. *Ballen v Potter,* 251 NY 224), but rather stated in paragraph 23 thereof that the times for performance as specified therein might be changed, in writing, by the parties' attorneys. Accordingly, defendants' counsel was empowered to grant the written adjournment of the closing herein to the plaintiffs, which factor precludes any finding of a breach on their part in failing to proceed with the closing on the date originally scheduled. The alternate contention that the action should be considered barred by laches is equally unavailing, for while eight and one-half months did elapse between the collapse of the closing on April 28, 1981 and the commencement of this action in January, 1982, it appears from the record that negotiations were conducted during the intervening period with the aim of securing the co-operation of defendant Philip Jacobowitz in effecting a closing. Moreover it is not disputed that these negotiations collapsed in or about December, 1981 and that the plaintiffs instituted this action shortly thereafter. Under these circumstances, plaintiffs' delay in commencing this action was not unreasonable, and does not bar their entitlement to the relief they seek. Damiani, J. P., Mangano, Gulotta and Brown, JJ., concur.