OPINION OF THE COURT
Herman Cahn, J.
Plaintiffs move pursuant to CPLR 3212 for summary judgment and also under CPLR 6514 for an order canceling the notice of pendency filed herein. The case arises out of a contract for the sale of the building located at 520 and 522 West 50th Street, New York, New York. Plaintiffs paid a part of the purchase price ($20,000) to defendants which they seek to recover in the underlying action. Plaintiffs are the purchasers named in said contract of sale. Defendant Kessef Tov Corp. is a party to said contract, and is named as the contract vendor. Defendant Joseph Aronow is apparently the sole shareholder of the corporate defendant, and personally guaranteed certain of its obligations to plaintiff. The contract of sale was entered into on February 27,1981. It provided for the closing to be held “on or about April 15, 1981”. In March, 1981, plaintiffs became aware that there *516 were a number of objections and liens on record and that title to the subject property was in the City of New York, rather than in the corporate defendant. Plaintiffs notified the corporate defendant that if good and marketable title could not be conveyed pursuant to the contract terms, they would expect prompt return of the deposit, as set forth in the contract. A series of letters followed, extending past the original closing date, in which plaintiffs attempted to set a closing date, but the corporate defendant was not yet ready to close.
More than one year later, plaintiffs learned that Tari Funding Corp., which held a first mortgage on the property, foreclosed its mortgage. On August 3,1982, a foreclosure sale occurred, conducted by a referee at a public auction. Plaintiff, Joseph Schwartz, on behalf of plaintiff’s partnership, J.S. Allen & Co., attended the sale as did Joseph Aronow, representing defendants as well as a representative of Tari Funding Corp. and two other bidders. When the bidding exceeded the amount of the mortgage lien, Aronow became the highest bidder and was bidding only against plaintiff Schwartz. Plaintiff Schwartz was ultimately the highest bidder, obtaining funding from Tari Funding Corp. Plaintiffs later obtained a referee’s deed to the property.
Plaintiffs’ down payment on the subject property has not been returned and plaintiffs initiated the underlying action seeking to obtain it. Defendants counterclaimed and filed a notice of pendency. Plaintiffs have moved for summary judgment. Defendants argue that by outbidding defendant Aronow at the foreclosure sale, plaintiffs prevented the corporate defendant from performing its part of the contract. As a consequence of this prevention, defendant argues that its obligation to perform and/or return the deposit is relieved. It has long been the law that there is an implied understanding on the part of each party to a contract that it will not intentionally and purposely do anything to prevent the other party from carrying out its part of the agreement. (Patterson v Meyerhofer, 204 NY 96.) In Patterson v Meyerhofer (supra) the Court of Appeals held, in a situation very similar to this one, that there is an implied agreement by each of the parties to a contract not *517 to prevent the other’s performance. Specifically, it was held that the contract vendee of real estate, by outbidding the contract vendor for that real estate at a foreclosure sale, had violated its implied agreement not to prevent vendor’s performance. (Supra, at p 101.) Consequently, the contract vendee was held liable in damages to vendor for the difference between the contract price and the purchase price at the foreclosure sale. (Supra, at p 101.) While in that case, vendee knew, prior to entering the contract, that vendor did not have title to the real estate and would acquire it at the foreclosure sale, that distinction is not so great as to support a different legal conclusion. Although here, the foreclosure sale may not have been within the contemplation of the parties, plaintiffs’ purchase at the sale did, in fact, deprive defendant of title and hence its ability to convey the property to the plaintiff. True, the contract contemplated that title should go to plaintiffs, but it also contemplated that the transfer was to be from defendant and at the stated price. (Patterson v Meyerhofer, supra.) This, plaintiffs prevented.
Of course, the mere fact that plaintiffs prevented defendants’ performance does not completely settle the issue. For the prevention doctrine to apply, the act of prevention must have occurred within the time set for performance by the contract. (Porto Rico v Title Guar. Co., 227 US 382.) The question then, becomes whether that time had passed by the time of the foreclosure sale. As a general proposition, applicable to contracts for the sale of real property, the mere designation of a particular closing date in a contract does not make time of the essence. (Ballen v Potter, 251 NY 224; Ring 57 Corp. v Litt, 28 AD2d 548.) For time to be of the essence, it must have been so stated in the contract, or made of the essence by subsequent communication between the parties. (Ballen v Potter, supra.)
Here, the contract did not make time of the essence. In order to show that time was not later made of the essence, and hence, that the nonperforming party was in default as of a particular date, plaintiff would have to have served a “clear, distinct and unequivocal notice fixing a reasonable time within which the thing must be done.” (Ballen v Potter, supra, at p 229.) This, plaintiffs appar *518 ently failed to do, and as a result the contract remained in full force and effect. (Ring 57 Corp. v Litt, supra.) Hence, plaintiffs’ act of prevention occurred while the contract was still alive.
Plaintiffs’ motion for summary judgment is denied. Plaintiffs’ motion also seeks to cancel the notice of pendency filed by defendants in their counterclaim in the within action. CPLR 6501 provides that a notice of pendency may be filed in any action in which the judgment demanded would affect title, possession, use or enjoyment of real property. As defendants’ counterclaim seeks rescission of the referee’s deed and reversion of title to defendants, it is clearly an action appropriate for a notice of pendency.
Cancellation of the notice under CPLR 6514 (subd [b]) is authorized where the action has not been commenced or prosecuted in good faith. Contrary to plaintiffs’ contentions there is no evidence of bad faith by defendants here, as their claim appears to be a meritorious one. In any event, “good faith” under 6514 (subd [b]) has been held to apply not to the merits of the action, but to the motive for and diligence with which it is prosecuted. (Matter of Elna Constr. Co. v Flynn, 39 Misc 2d 254, 256.)
Plaintiffs in the alternative seek to remove the notice of pendency by furnishing a bond to secure defendant. CPLR 6515 authorizes the court, upon motion, to direct the county clerk to cancel the notice, if the moving party gives an undertaking in an amount to be fixed by the court if adequate relief can be secured by the undertaking. Plaintiffs suggest a figure of $157,000. Such sum appears to be more than adequate.
Plaintiffs’ motion for summary judgment and an order removing the notice of pendency is denied, except for that branch of the motion permitting the substitution of a bond in place of the lis pendens.