■ MICHAEL J. TORPEY, INC., Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant. — In an action to recover damages for breach of contract, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), entered April 6, 1983, as denied those branches of its motion for summary judgment as sought dismissal of plaintiff's first, third, fourth and fifth causes of action. Order modified, on the law, by granting that branch of the motion which sought summary judgment dismissing plaintiff's first cause of action. As so modified, order affirmed insofar as appealed from, without costs or disbursements. The parties entered into a contract whereby plaintiff agreed to do certain excavation work for defendant during the year November 1, 1975 to October 30, 1976. The invitation for bids was replete with exculpatory language regarding the amount of work that defendant would require during the year. For example, the invitation provided: "These estimates are given solely as estimates and are not to be considered as guarantees of the amounts or even the approximate amounts, which Con Edison will actually need or purchase" and "[w]henever the estimated quantities of work to be done and materials to be furnished on a unit price basis under this contract are shown in any of the documents including the proposal, they are given for use in comparing bids, and the right is expressly reserved, except as herein otherwise specifically limited, to increase or diminish them as may be deemed reasonably necessary or desirable by the owner * * * nor shall any increase or diminution give cause for claims of liability for damages". The only guarantee in the contract was that defendant would purchase services whose total price was not less than 10% of the price of the total estimated quantities. There is no dispute that this latter provision was satisfied. The exculpatory language is clear and unambiguous and plaintiff cannot now complain that the work assigned deviated from the "Typical Layouts" attached to the invitation to bid. Although plaintiff claims that it intends to produce at trial evidence of a "custom and usage" between defendant and its contractors that the actual work assigned under excavation contracts resembled that depicted in the "Typical Layouts", it is the law that evidence of custom and usage cannot be used to contradict, alter or vary the express terms of an unambiguous contract (*Albany Discount Corp. v Basile,* 32 AD2d 723; *B. M. Heede, Inc. v Roberts,* 303 NY 385). Therefore, there are no triable issues of fact on plaintiff's first cause of action and, accordingly, summary judgment must be granted on that claim. Lazer, J. P., Mangano, Niehoff and Boyers, JJ., concur.