(January 28, 1986)

■ JAMES MACPHERSON et al., Appellants, v KESSEF TOV CORP. et al., Respondents.—Order, Supreme Court, New York County (Sherman, J.), entered May 17, 1985, which denied plaintiffs' cross motion for summary judgment and other relief unanimously reversed, on the law, to the extent appealed from, the plaintiffs' cross motion for summary judgment is granted, defendants' counterclaims are dismissed, and the surety on the *lis pendens* bond is discharged, without costs.

Plaintiffs and corporate defendant Kessef Tov Corp. entered into a contract on February 27, 1981 for the sale of real property located at 520-522 West 50th Street in Manhattan. Plaintiffs made a down payment of $20,000 directly to the defendant corporation toward a purchase price in excess of $340,000. Defendant Aronow, an attorney, the president and sole shareholder of the corporate defendant, personally guaranteed repayment of the earnest money under the contract.

The contract of sale called for a closing date on April 15, 1981, but time was not made of the essence. The property was encumbered by mortgages and liens, and due to the defendant's inability to clear those liens, no final closing date was scheduled. In order to facilitate the closing, defendant Aronow requested an additional $30,000 from the plaintiffs, which they refused.

In August 1982, pursuant to a judgment obtained by one of the mortgagees, a foreclosure sale was held at which the plaintiffs and defendant Aronow were present. The plaintiffs were the successful bidders on the property; Aronow was the second highest bidder. Aronow concedes that he was not representing the corporate defendant Kessef Tov but was there on behalf of either himself or one of many corporations he controls.

Plaintiffs brought this action to recover the down payment. The defendants counterclaimed and filed a notice of pendency. They alleged that by outbidding the defendant at the foreclosure sale, plaintiffs had prevented the defendant corporation from procuring title, and thus were in breach of the contract. They argued that they were relieved of performing under the contract and/or returning the deposit. Plaintiffs moved for summary judgment. The court, in denying the motion, held that the plaintiffs could be liable to the defendants for breaching an implied obligation of good faith inasmuch as they were contract vendees at the time of the foreclosure sale, and were therefore prohibited from impeding the contract vendor's performance on the contract. (MacPherson v Kessef Tov Corp., 121 Misc 2d 515.) No appeal was taken from this order.

Defendants then moved for summary judgment and plaintiffs cross-moved again for summary judgment. The order appealed from denied both motions on the basis that the earlier denial constituted "the law of the case." Plaintiffs appeal from the denial of the cross motion for summary judgment.

This court is not bound to follow the prior denial (121 Misc 2d 515) as the law of the case. The instant appeal is from a later order, and the court may entertain issues raised by it. (See, Freeze Right Refrig. & Air Conditioning Servs. v City of New York, 101 AD2d 175, 180 [citing Klein v Smigel, 44 AD2d 248, 250, affd 36 NY2d 809; Adelphi Enters. v Mirpa, Inc., 33 AD2d 1019].)

Although there may be a breach of an implied duty of good faith where a contract vendee bids against the contract vendor in a foreclosure sale and thus prevents the latter's performance on the contract, (see, Patterson v Meyerhofer, 204 NY 96), Kessef Tov was not present at the auction. The plaintiff, therefore, was not bidding against the corporate defendant and, as such, defendant's argument that plaintiff breached a duty of good faith is without merit.

Aronow, in essence, repudiated the agreement by attempt-

ing to renegotiate with the plaintiffs for the additional $30,-000. In addition, a title report dated March 5, 1981, listed the City of New York as having title to the heavily encumbered property. Paragraph 22 of the contract states that if "the seller is unable to convey title", the seller will be required "to refund to the purchaser the amount paid on account of the purchase price and to pay the net cost of examining the title".

The defendants were unable to convey title to the property. Their inability to perform on the contract should not prohibit the plaintiffs from bidding on the property. Aronow, as merely guarantor of the down payment, has no cause of action against the plaintiffs for any perceived breach of contract. Concur—Murphy, P. J., Kupferman, Ross, Lynch and Kassal, JJ.