■ ROBERTO MAZZAFERRO et al., Respondents, v KINGS PARK BUTCHER SHOP, INC., et al., Appellants.—In an action for specific performance of a contract to sell certain real property, the defendants appeal from a judgment of the Supreme Court, Nassau County (Burke, J.), dated July 12, 1985, which, upon stipulated facts, granted the plaintiffs specific performance of the contract, and ordered the defendants to convey title to the plaintiffs on the 40th day from the date of the judgment.

Judgment affirmed, with costs. The defendants' time to convey title to the real property in question to the plaintiffs is extended to 20 days after service by the plaintiffs upon the defendants of a copy of the order to be made hereon, with notice of entry. The stay of this court, dated September 6, 1985, is hereby vacated.

The plaintiffs and the defendant Kings Park Butcher Shop, Inc. (hereinafter Kings Park), entered into a contract on or about October 21, 1982, wherein the plaintiffs agreed to purchase certain real property for the sum of $15,000. The plaintiffs, at the time of the execution of the contract, paid Kings Park $1,500 toward the purchase price. Although the contract set forth a closing date of November 22, 1982, con-

summation of the transaction was conditioned upon the plaintiffs' acquisition of certain building permits, which necessitated an application for a zoning variance. The plaintiffs obtained the necessary variance in April 1983 and subsequently ordered a title search.

By letter dated April 25, 1983, the plaintiffs' attorney informed counsel for the defendants that the "Title Description and Exception Sheet" indicated that Kings Park only held the tax title to the property and that the fee title was held in the name of a different corporation. In May 1983, the parties agreed that Kings Park would institute an action to quiet title and that the parties would equally assume the costs of that action. Kings Park's attorney, on August 19, 1983, sent the following letter to the plaintiff's counsel:

"It is my understanding that Mr. Fremd and Mr. Romeo have agreed to close title prior to the disposition of the bar claim action currently pending in Supreme Court.

"My client is anxious to close on or before August 26, 1983. Please let me know of your availability.

"In the event that title is not conveyed by the aforesaid date be advised that the contract will be deemed null and void; and, the down payment will be returned to your clients".

The plaintiffs' attorney made several telephone calls in an attempt to arrange for the closing; however, the attorney for Kings Park failed to respond. On August 31, 1983, Kings Park's attorney returned the plaintiffs' down payment, and, in accordance with his earlier advisement, declared that the contract was null and void based on the plaintiffs' failure to close. The plaintiffs, however, subsequently returned the check, claiming that they had not consented to the cancellation of the contract, nor had a closing date been properly scheduled.

The plaintiffs then commenced the instant action, seeking various forms of relief, including specific performance of the contract.* Trial Term concluded that the plaintiffs were entitled to specific performance. We agree with Trial Term's determination and, accordingly, affirm.

In an action to compel specific performance, where the contract, as here, does not make time of the essence, and the date specified in the contract has been waived, either party can set a new date and make time of the essence, provided

---

* During the pendency of this action, the Supreme Court, Nassau County (Berman, J.), determined that Kings Park had absolute title in fee to the property.

that a clear, distinct, and unequivocal notice fixing a reasonable time for performance is served on the other party *(see, e.g., Taylor v Goelet,* 208 NY 253; *Ballen v Potter,* 251 NY 224; *Tarlo v Robinson,* 118 AD2d 561; *Ring 57 Corp. v Litt,* 28 AD2d 548). The letter of Kings Park's attorney dated August 19, 1983 was neither clear, distinct, nor unequivocal and failed to provide the plaintiffs with a reasonable time within which to close. Moreover, the plaintiffs fully established that they were ready, willing and able to perform their obligations under the contract *(see, Huntington Min. Holdings v Cottontail Plaza,* 96 AD2d 526, *affd* 60 NY2d 997). Therefore, Special Term correctly determined that the plaintiffs were entitled to the relief of specific performance. Lazer, J. P., Brown, Rubin and Eiber, JJ., concur.