■ 76 NORTH ASSOCIATES, Appellant, v THEIL MANAGEMENT CORP., Respondent.—In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Saladino, J.), entered December 18, 1986, which dismissed the complaint and allowed the defendant to retain as liquidated damages the $100,000 down payment made on the contract.

Ordered that the judgment is affirmed, with costs.

On March 27, 1984, SGA Realty Corp. (hereinafter SGA) entered into a contract with the defendant to purchase a building at 76 North Broadway, Hicksville, New York. The original closing date was set for April 28, 1984, but was changed to June 28 at SGA's insistence. The contract provided for an all-cash deal and was not contingent upon the purchaser obtaining a mortgage. On June 5, 1984, SGA assigned the contract to 76 North Associates (hereinafter Associates), the plaintiff herein. Both SGA and Associates are controlled by Philip Pilevsky. On June 25, the plaintiff's attorney requested a 90-day adjournment of the closing. In a letter dated June 26, 1984, the defendant adjourned the closing to July 30, 1984, with the notation, "TIME OF THE ESSENCE". On July 27, the plaintiff asked the defendant to adjourn the closing date to August 9, 1984, and to take back a $125,000 purchase-money mortgage subject to a first mortgage the plaintiff had secured from the Hamburg Savings Bank. The plaintiff testified that the defendant assented to these requests. The defendant claimed, on the other hand, that it informed the plaintiff that the closing would occur as scheduled on July 30 at 1:00 P.M., but, if the plaintiff and its attorney came to the offices of the defendant's attorney on the morning of July 30, 1984, their requests would be discussed, and, if an agreement could be reached, the deed would not be tendered. The plaintiff never appeared on July 30, the deed was tendered, and the plaintiff was held in default.

The trial court was concerned with two issues of fact based on this court's decision when this matter was before us on a prior appeal (see, 76 N. Assocs. v Theil Mgt. Corp., 114 AD2d 948). As to those issues the trial court found that (1) the 32-day adjournment of closing, granted by the defendant and making time of the essence, was a reasonable time within which the plaintiff had to perform, and (2) the defendant never orally waived the requirement that time was of the essence. We now affirm.

Where, as here, there is no contractual provision making time of the essence, either party may subsequently give notice to that effect so long as the notice is clear, distinct and unequivocal and fixes a reasonable time within which to perform (Ballen v Potter, 251 NY 224; Mazzaferro v Kings Park Butcher Shop, 121 AD2d 434; 76 N. Assocs. v Theil Mgt. Corp., supra). The amount of time that constitutes a reasonable time must be determined from the facts and circumstances of each case (Ballen v Potter, supra; Mazzaferro v Kings Park Butcher Shop, supra; 76 N. Assocs. v Theil Mgt. Corp., supra). The record reveals that the defendant's letter of June 26, 1984 gave clear, distinct and unequivocal notice that the closing would occur on July 30 and time was of the essence. Moreover, the 32-day extension from June 28 to July 30 represented a reasonable time within which to perform considering that the contract called for an all-cash deal. The plaintiff's contention that it needed additional time in order to finalize its financing arrangements is without merit.

While the record reveals conflicting allegations as to whether the defendant orally waived the requirement that time was of the essence, a careful review of the testimony requires us to reach the same conclusion as the trial court (see, Matter of Fasano v State of New York, 113 AD2d 885). The plaintiff alleged that the defendant agreed to an extension during their phone conversation of July 27, but on cross-examination he admitted that the defendant's attorney had advised him to appear at the attorney's offices on the morning of July 30. This admission lends credence to the defendant's allegations that closing was to occur at 1:00 P.M. on July 30, unless some other agreement was reached that morning. The plaintiff admits that no representative from it appeared on July 30. Based on the evidence before us we find that there was never an oral waiver by the defendant of the requirement that the closing be held on July 30.

There is no merit to the plaintiff's argument that the trial court erroneously excluded evidence of the time it customarily

takes to obtain financing on a commercial property. The contract provided for an all-cash deal and no mention was made that any type of financing would exist. Since the evidence which the plaintiff sought to admit would have contradicted, altered or varied the express terms of an unambiguous contract, the trial court properly excluded it *(see, Michael J. Torpey, Inc. v Consolidated Edison Co., 99 AD2d 484, appeal dismissed 66 NY2d 915, reconsideration denied 67 NY2d 702).* Mangano, J. P., Niehoff, Sullivan and Harwood, JJ., concur.