■ DAVID A. ELLIS et al., Respondents, v ADAM SLOVAK, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court (Connor, J.), entered February 5, 1987 in Columbia County, which, *inter alia,* granted plaintiffs' motion for summary judgment.

On this appeal, defendant contends that a contract for the sale of real estate he executed with plaintiffs, which specified a particular date for closing, made time of the essence in the contract. Supreme Court granted plaintiffs' motion for summary judgment and ordered specific performance of the contract.

There should be an affirmance. There is no dispute that the contract provided that transfer of title was to be completed on or about 12 weeks from acceptance of the contract. Defendant argues that the contract contained handwritten notations specifying a closing date of August 10, 1986, exactly 12 weeks from the date of acceptance. Actually, plaintiffs were ready to close 11 days later on August 21, 1986. Although no copy of the handwritten contract was submitted in evidence, defendant claims that the alleged handwritten provision was sufficient to make time of the essence in the contract.

We disagree. Assuming that the handwritten addition was made, it would not make time of the essence of the contract *(see, Grace v Nappa,* 46 NY2d 560, 565; *Ballen v Potter,* 251 NY 224, 228). Further, defendant's contention, that he told plaintiffs that the closing date was of paramount importance, could not be found to orally change the contract since the terms of the contract prohibited any oral change of its provisions. Thus, defendant failed to demonstrate by evidentiary proof the existence of an issue of fact and failed to raise a material issue of fact which would preclude the grant of summary judgment.

Order affirmed, with costs. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.