■ BOARD OF EDUCATION OF RYE NECK UNION FREE SCHOOL DISTRICT, Respondent, v RYEWOOD FARMS, LTD., et al., Appellants.—In an action pursuant to RPAPL article 15, *inter alia,* for a judgment declaring that the plaintiff has an easement over a portion of the defendants' property, the defendants appeal from an order of the Supreme Court, Westchester County (Ferraro, J.), dated October 7, 1987, which granted the plaintiff's motion for a preliminary injunction and denied the defendants' cross motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and it is declared that, pursuant to the terms of the parties' boundary line agreement, the plaintiff has released any claim of right, title or interest which it may have had in the subject property.

The plaintiff Board of Education of Rye Neck Union Free School District commenced the instant action to establish the right of its employees and students to use an abandoned railroad bridge that exists across the common boundary line (Beaver Swamp Brook) between its property and that of the

defendants Ryewood Farms, Ltd. (a New York corporation which is the developer and sponsor of a residential condominium complex located partially in the Village of Mamaroneck and partially in the Town of Harrison), and Ryewood Farms Homeowners Association (an unincorporated association created by Ryewood Farms, Ltd.). Located on the plaintiff's land are a middle school and a high school. A condominium complex is being constructed on the defendants' property. The plaintiff alleges that from 1962 to the present, its officers, agents, employees and students have continuously utilized the railroad bridge as a means of access to and egress from its property.

In 1985 Ryewood Farms, Ltd. began to take the steps necessary to facilitate the transfer of the subject parcel to the Ryewood Farms Homeowners Association. A survey of the defendants' property showed that at certain points the properties of the plaintiff and the defendants encroached upon each other. Following negotiations, on September 29, 1986, the parties entered into a boundary line agreement. Significantly, each party released its rights to the property outside the boundary line without mention of the subject pathway.

On or about January 19, 1987, the defendants blocked their side of the abandoned railroad bridge with earth and boulders to impede access from the plaintiff's property. After unsuccessful attempts by the plaintiff and the Village of Mamaroneck to have the defendants remove the obstruction, the instant action was commenced seeking, *inter alia,* a judgment declaring that the plaintiff had acquired title to the abandoned railroad bridge and adjacent lands of the defendants through adverse possession or alternatively that the plaintiff had a prescriptive easement across the aforementioned property, and a permanent injunction against the defendants' acts of blocking access to the bridge and adjacent property. The plaintiff subsequently moved for a preliminary injunction compelling the defendants to remove the obstructions from the bridge, pending the determination of the action. The defendants opposed the motion and cross-moved for summary judgment, contending, among other things, that by virtue of the boundary line agreement the plaintiff waived its right, title and interest to lands on the defendants' side of the boundary line.

The Supreme Court granted the plaintiff's motion for a preliminary injunction and denied the defendants' cross motion for summary judgment, reasoning that triable issues of

fact exist as to intent of the parties to the boundary line agreement.

Initially, we recognize that, assuming a valid prescriptive easement existed in this case, it could lawfully be terminated by a release to the servient owner *(see,* 3 Powell, Real Property ¶ 423). The boundary line agreement, by its own terms, releases any right of the plaintiff to the defendants' land. Therefore summary judgment must be granted in the defendants' favor.

In relevant part, the boundary line agreement provides as follows: "THE BOARD OF EDUCATION OF THE RYE NECK UNION FREE SCHOOL DISTRICT does hereby release and remise by way of quitclaim unto RYEWOOD FARMS, LTD., its successors and assigns, forever, its right, title and interest, if any, in and to the lands lying west of the aforesaid new boundary line". The above clause is unambiguous and represents the clear intent of the parties to release any claim to property outside the agreed-upon boundary line. Hence, the parties are precluded from introducing parol evidence to contradict or modify the agreement *(see, Chimart Assocs. v Paul,* 66 NY2d 570; *Fogelson v Rackfay Constr. Co.,* 300 NY 334, *rearg denied* 301 NY 552; *76 N. Assocs. v Theil Mgt. Corp.,* 132 AD2d 695, *lv denied* 70 NY2d 612; *Michael J. Torpey, Inc. v Consolidated Edison Co.,* 99 AD2d 484, *appeal dismissed* 66 NY2d 915, *mot for reconsideration denied* 67 NY2d 702). Thompson, J. P., Bracken, Brown and Sullivan, JJ., concur.