■ DIANE SIDOR, Respondent, v JUDITH COHEN, Appellant.— In an action for specific performance of provisions in a corporate shareholders' agreement pertaining to a stock purchase option, the defendant appeals from (1) a judgment of the Supreme Court, Nassau County (Burstein, J.), entered March 1, 1988, which, upon granting the plaintiff's motion for summary judgment and granting the plaintiff's motion to quash a certain subpoena and to vacate a notice of deposition in an order dated January 26, 1988, is in favor of the plaintiff and against her directing the defendant to transfer 10 shares of stock in Judianna Realty Corp. to the plaintiff, and (2) an order of the same court, entered October 26, 1988, which denied the defendant's motion to vacate the judgment on the grounds of fraud, misconduct, and newly discovered evidence.

Ordered that the judgment entered March 1, 1988, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated October 26, 1988, is affirmed, without costs or disbursements.

The plaintiff and the defendant are the sole shareholders of Judianna Realty Corp. The shareholders' agreement between the parties gave the plaintiff the option to purchase the defendant's interest in the corporation "at any time (but not later than June 1, 1987) upon thirty-days written notice", with the closing to take place "30 days following mailing of the notice of election to purchase".

By letter dated March 20, 1987, the plaintiff notified the defendant of her election to exercise the option to purchase the defendant's interest in the corporation. The parties failed to close 30 days thereafter. On May 29, 1987, the plaintiff's husband tendered to the defendant's husband a certified check for the purchase. The defendant or the defendant's husband refused to accept the check and the instant litigation ensued.

We agree with the Supreme Court that summary judgment awarding specific performance should have been granted to the plaintiff. The plaintiff's letter dated March 20, 1987, to the defendant constituted timely notice to the defendant that the plaintiff intended to exercise her option to purchase the defendant's interest in the corporation. That the closing did not occur exactly 30 days thereafter did not, under the circumstances of this case, negate this notice, as neither the

parties nor the shareholders' agreement made time of the essence regarding the closing date *(see, Levine v Sarebello,* 112 AD2d 197, *affd* 67 NY2d 780; *Mazzaferro v Kings Park Butcher Shop,* 121 AD2d 434).

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Kooper, Harwood and Rosenblatt, JJ., concur.