■ RACHEL OPTICAL CO., INC., Appellant, v BAUSCH & LOMB, INCORPORATED, Respondent, MISHA SHPRECHER, Appellant, et al., Defendant. [613 NYS2d 686] —In an action to recover damages for breach of contract, tortious interference with contract, and violations of the Donnelly Act, the plaintiff and the counterclaim defendant Misha Shprecher appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Queens County (Leviss, J.), dated May 26, 1992, as granted the motion by the defendant Bausch & Lomb, Incorporated, for summary judgment dismissing the complaint, and for summary judgment on its counterclaim against the plaintiff and against Misha Shprecher, and denied the plaintiff's cross motion for summary judgment, and (2) a judgment of the same court, entered June 26, 1992, upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

Contrary to the plaintiff's contentions, the Supreme Court did not err in granting summary judgment dismissing the plaintiff's causes of action to recover damages for breach of contract and tortious interference. Pursuant to subdivisions (G) and (H) of Paragraph SECOND of the parties' agreement, the defendant had the right to refuse to accept any purchase orders as well as to cancel any purchase orders already accepted by it if the plaintiff failed to meet any payment schedules or other financial requirements. It is undisputed that at the time that the defendant refused to sell products to the plaintiff, the plaintiff had tendered a check to the defendant for $55,000 which was subsequently returned for insufficient funds, and the plaintiff had cancelled payment on two other checks equalling $63,000. Thus, the plaintiff had no right to purchase products from the defendant under the provisions of the contract. Since the terms of the contract are unambiguous, the plaintiff is precluded from offering evidence that the defendant had, in the past, allowed the plaintiff to write checks with insufficient funds *(see, 76 N. Assocs. v Theil Mgt. Corp.,* 132 AD2d 695). Furthermore, there is nothing in the language of Paragraph EIGHTH of the agreement which would require a different result.

Additionally, Paragraph FOURTH (C) expressly states that the plaintiff will refrain from seeking alternative supplies of the defendant's products from parties other than the defendant, including other distributors, without the written consent of the defendant. The plaintiff does not even allege that it sought such consent; and, therefore, it had no right under the contract to purchase the defendant's products from other distributors.

We have examined the appellants' remaining contentions and find them to be without merit. Sullivan, J. P., Balletta, Altman and Friedmann, JJ., concur.