SHERIF G. ELBAYADI et al., Appellants, v PAUL H. NORTON et al., Respondents. [629 NYS2d 145] —Order unanimously reversed on the law without costs and motion granted. Memorandum: Supreme Court erred in denying the motion of plaintiffs for summary judgment seeking specific performance of their real estate contract with defendants. Plaintiffs established their entitlement to judgment as a matter of law by submitting evidentiary proof in admissible form that they validly declared that time was of the essence, scheduled a closing date of September 14, 1994, and were ready, willing and able to close on that date, and that the failure of defendants to appear on that date placed them in default (see, Mazzaferro v Kings Park Butcher Shop, 121 AD2d 434, 436-437; Huntington Min. Holdings v Cottontail Plaza, 96 AD2d 526, affd 60 NY2d 997; cf., Karamatzanis v Cohen, 181 AD2d 618, lv denied 80 NY2d 754; see generally, Grace v Nappa, 46 NY2d 560, 565; 76 N. Assocs. v Theil Mgt. Corp., 132 AD2d 695, 696, lv denied 70 NY2d 612). Defendants failed to raise a triable issue of fact in response to that showing. There is no merit to the contention that defendants had validly rescinded the contract as a result of plaintiffs' failure to comply with defendants' earlier declaration making time of the essence, and thus that there was no contract at the time of plaintiffs' declaration. Even assuming, arguendo, that their earlier declaration was valid, defendants

failed to assert that they were ready, willing and able to proceed on August 19th *(cf., Mazzaferro v Kings Park Butcher Shop, supra).* (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Specific Performance.) Present—Pine, J. P., Lawton, Callahan, Davis and Boehm, JJ.