516

■ JOSEPH R. RUTIGLIANO et al., Plaintiffs, v LAWRENCE RU-
TIGLIANO, JR., et al., Defendants and Third-Party Plaintiffs-
Respondents. ROCCO RUTIGLIANO et al., Third-Party Defendants-
Appellants. [781 NYS2d 651]—

Order, Supreme Court, New York County (Herman Cahn, J.),
entered on or about December 1, 2003, which, insofar as ap-
pealed from, denied the motion to dismiss the third-party causes
of action for specific performance and/or breach of a sharehold-
ers' agreement on the basis of documentary evidence, unani-
mously affirmed, without costs.

The 1998 shareholders' agreement gives third-party plaintiffs
the first right to purchase their deceased father's 25% interest
in certain family-owned real estate ventures in which third-
party defendants, their uncles, held the remaining 75% interest.
The agreement does not set a deadline for third-party plaintiffs'
exercise of this right. However, it does provide that the closing
on any sale was to take place on the 60th day following the date
of death, or at such other time as the parties might agree. Fur-
ther, it provides that the purchase price, as determined by a
given formula involving a property's rent roll, outstanding
mortgage balance and accumulated retained earnings, was to be
evidenced by a promissory note payable in 20 equal quarterly
installments commencing on the 12th day of the third calendar
month following the date of death, i.e., on January 12, 2000, the
third-party plaintiffs' father having died on October 3, 1999.
Third-party defendants claim their nephews waived their right
of first purchase by failing to execute the promissory note by
January 12, 2000. Third-party plaintiffs respond that they
promptly advised their uncles of their intent to exercise such
right but that the latter prevented them from doing so by with-
holding information pertaining to the properties' operations
necessary to ascertain the purchase price and otherwise make
an informed decision as to whether to exercise the right.

The motion to dismiss was properly denied in view of the
vague admission by third-party defendants that their nephews

did "at one point" indicate a desire to exercise their right of purchase, and because their documentary evidence does not show that they ever advised the nephews of the purchase price by either the December 2, 1999 closing date or the January 12, 2000 deadline for commencing payment, much less did they provide any information necessary to calculate that price. We note that neither of these dates was made "of the essence" by the shareholders' agreement (see Sidor v Cohen, 151 AD2d 660 [1989]). Counsel's letter of June 11, 2001, indicating third-party plaintiffs' "probable" disinterest in purchasing their father's shares and requesting return of deposits made by them after January 12, 2000, does not conclusively establish that they had abandoned their right of purchase. In the context of the instant record, such letter merely shows that the parties were engaged in ongoing negotiations involving distribution of the children's interests in various family businesses. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Lerner and Friedman, JJ.