**■** Paul J. Ramunno, Respondent, v Skydeck Corporation et al., Appellants, et al., Defendant. [817 NYS2d 484]—

Appeals from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered February 28, 2005. The order, among other things, denied the cross motion of defendant City of Buffalo for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motions of defendants City of Buffalo and City of Buffalo Urban Renewal Agency and dismissing the complaint against them and granting judgment in favor of defendant Skydeck Corporation as follows:

"It is ADJUDGED AND DECLARED that plaintiff does not have a prescriptive easement over its property and as modified the order is affirmed without costs."

Memorandum: Plaintiff commenced this action seeking judgment declaring that, as the owner of a commercial building, he has a prescriptive easement over the adjoining parking lot owned by defendant Skydeck Corporation (Skydeck) for the purpose of ingress to and egress from the building.

Supreme Court erred in denying the cross motion of defendant City of Buffalo (City) for summary judgment dismissing the complaint against it for failure to state a cause of action. The City neither has nor claims any interest in the real property at issue, and thus there is no "justiciable controversy . . . , i.e., an actual controversy affecting the plaintiff and [the City's] rights" (*Nasa Auto Supplies v 319 Main St. Corp.*, 133 AD2d 265, 266 [1987]; *see Berman v Golden*, 131 AD2d 416, 418 [1987]). There is likewise no justiciable controversy between plaintiff and defendant City of Buffalo Urban Renewal Agency, and we therefore conclude that the court also erred in denying the cross motion of that defendant for summary judgment dismissing the complaint against it. We reach that issue despite the failure of that defendant to appeal from the order (*see Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111 [1984]; *Matter of Phillips v Sanfilippo*, 306 AD2d 954

[2003], *lv denied* 100 NY2d 507 [2003]; *see also Maheshwari v City of New York*, 2 NY3d 288, 293 n 2 [2004]). We therefore modify the order accordingly.

In addition, we conclude that Skydeck is entitled to judgment declaring that plaintiff does not have a prescriptive easement over its property, and we therefore further modify the order accordingly. Even assuming, arguendo, that there is an issue of fact whether plaintiff had acquired a prescriptive easement prior to November 2000, we conclude that plaintiff released his right to any such prescriptive easement based upon the November 2000 agreement between plaintiff and Skydeck in which plaintiff "acknowledge[d]" that he had no "right, title, interest [in] or claim upon [Skydeck's] property" (*see Board of Educ. of Rye Neck Union Free School Dist. v Ryewood Farms*, 144 AD2d 413, 415 [1988]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Green and Hayes, JJ.