■ John Latora, Respondent, v Victor Ferreira, Appellant. [958 NYS2d 727]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated August 11, 2011, as granted that branch of the plaintiff's motion which was for leave to enter judgment upon a decision of the same court (Archer, Ct. Atty. Ref.), dated June 8, 2010, made after a nonjury trial, concluding that the plaintiff is entitled to specific performance.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, that branch of the plaintiff's motion which was for leave to enter judgment upon the decision dated June 8, 2010, is denied, the cause of action for specific performance is directed to be dismissed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the second and third causes of action.

"Where a case is tried without a jury, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing the witnesses" (*Musick v 330 Wythe Ave. Assoc., LLC*, 41 AD3d 675, 675 [2007]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Decatur [2004] Realty, LLC v Cruz*, 73 AD3d 970, 971 [2010]; *Daimon v Fridman*, 5 AD3d 426, 427 [2004]).

A party seeking specific performance of a contract for the sale of real property is required to establish not only that he or she was ready, willing, and able to close on the scheduled closing date, but also that the other party was in default (*see Nehmadi v Davis*, 63 AD3d 1125, 1128 [2009]; *Elbayadi v Norton*, 216 AD2d 936, 936 [1995]; *Exclusive Envelope Corp. v Tal-Spons Corp.*, 187 AD2d 556 [1992]).

A letter from the attorney for the plaintiff buyer to the attorney for the defendant seller, dated May 24, 2005, advised that the buyer was prepared to close "on any date . . . within the next ten days," and that the buyer would make himself available "at any time and location *so designated by you*," and requested that the seller's attorney "contact me within the next ten days to schedule a closing" (emphasis added). Contrary to the plaintiff's contention, the letter was nothing more than a "mere[ ] demand[ ] that the defendant[ ] fix a closing date" (*Cave v Kollar*, 296 AD2d 370, 372 [2002]), and, thus, was inadequate to make time of the essence because "it did not clearly and distinctly set a new date and time for closing, and it did not inform the defendant[ ] that [he] would be considered in default if [he] did not perform by a given date" (*id.* at 372 [citations omitted]; *see Kevan v Modesta*, 292 AD2d 348 [2002]; *Mazzaferro v Kings Park Butcher Shop*, 121 AD2d 434, 436 [1986]; *cf. Decatur [2004] Realty, LLC v Cruz*, 73 AD3d at 970; *Zelmanovitch v Ramos*, 299 AD2d 353, 353 [2002]). Accordingly, "[s]ince there was never a time of the essence closing, nor even a future scheduled closing date, it cannot be concluded that the [seller] willfully defaulted or was unable to tender his performance" (*Nehmadi v Davis*, 63 AD3d at 1128).

Moreover, there is no credible proof that the plaintiff tendered his performance under the terms of the contract, as his attorney admittedly did not schedule the appearance of a title company for the purported closing in or about May 2005, and the plaintiff's trial testimony that he prepared a bank check in an amount necessary to consummate the transaction was conclusory, self-serving, and unsupported by documentary evidence.

The plaintiff's contention that the defendant anticipatorily repudiated the contract by refusing to close title does not find support in the record, which indicates that the parties conducted extensive, albeit unsuccessful, negotiations concerning the amount of an adjustment to be credited to the plaintiff for open violations on the subject premises (cf. *Yitzhaki v Sztaberek*, 38 AD3d 535 [2007]).

Based on the evidence, the plaintiff was not entitled to specific performance. Accordingly, the plaintiff's motion for leave to enter a judgment directing specific performance should have been denied, and the cause of action for specific performance must be dismissed. In addition, the matter must be remitted to the Supreme Court, Kings County, for further proceedings on the remaining causes of action. Mastro, J.P., Rivera, Dickerson and Lott, JJ., concur.