Latora v Ferreira (2022 NY Slip Op 00857)





Latora v Ferreira


2022 NY Slip Op 00857


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.


2019-04957
 (Index No. 512079/15)

[*1]John Latora, respondent,
v
Victor Ferreira, appellant.


McKinley Onua & Associates, PLLC, Brooklyn, NY (Nnenna Onua of counsel), for appellant.
Cuddy & Feder, LLP, White Plains, NY (Johua E. Kimerling of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated January 31, 2019. The order granted the plaintiff's motion to enforce a judgment of the same court dated August 14, 2017, and directed that the property be conveyed to the plaintiff.
ORDERED that the order is affirmed, with costs.
In 2004, the plaintiff buyer and the defendant seller entered into a contract for the sale of real property located in Brooklyn. No closing occurred and the plaintiff commenced an action for specific performance. Although the Supreme Court awarded the plaintiff that relief, this Court reversed, as a time of the essence closing had never been scheduled and the plaintiff did not demonstrate that he had tendered performance under the terms of the contract (see Latora v Ferreira, 102 AD3d 838).
The plaintiff thereafter scheduled a time-of-the-essence closing at which the defendant failed to appear. The plaintiff then commenced the instant action, inter alia, seeking specific performance of the contract. By judgment dated August 14, 2017, the Supreme Court, among other things, directed the defendant to specifically perform the contract by, inter alia, executing and delivering to the plaintiff a deed within 10 days of the date the judgment was served with notice of entry. The defendant did not appeal from the judgment.
Upon the defendant's failure to comply, the plaintiff moved to enforce the judgment. By order dated January 31, 2019, the Supreme Court granted the plaintiff's motion, and directed that the property be conveyed to the plaintiff. The defendant appeals from the January 31, 2019 order.
Contrary to the defendant's contention, in light of this Court's decision reversing the order in the prior action granting the plaintiff specific performance, the plaintiff's motion to enforce the judgment obtained in the instant action, through a directive to execute a deed, was not unnecessary (see id. at 839). Nor did the plaintiff perpetrate a fraud on the court by seeking such relief.
Accordingly, we affirm the order.
BARROS, J.P., IANNACCI, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court