141 Park Ave. Realties, Inc. v 141 Park Ave. Holdings, LLC (2023 NY Slip Op 02631)

141 Park Ave. Realties, Inc. v 141 Park Ave. Holdings, LLC

2023 NY Slip Op 02631

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH A. ZAYAS
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-03728
 (Index Nos. 517528/16, 518081/16)

[*1]141 Park Avenue Realties, Inc., et al., appellants,
v
141 Park Avenue Holdings, LLC, respondent. (Action No. 1)
141 Park Avenue Holdings, LLC, respondent,
v
141 Park Avenue Realties, Inc., et al., appellants. (Action No. 2)

Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino and Andrea J. Caruso of counsel), for appellants.
Goldberg Law Group PLLC, New York, NY (Israel Goldberg and Helen Setton of counsel), for respondent.

DECISION & ORDER
In an action for declaratory relief and to recover damages for breach of contract (Action No. 1), and a related action, inter alia, for specific performance of two contracts for the sale of real property (Action No. 2), which were joined for trial, 141 Park Avenue Realties, Inc., and Marino Mazzei, the plaintiffs in Action No. 1 and the defendants in Action No. 2, appeal from a judgment of the Supreme Court, Kings County (Lawrence Knipel, J.), dated April 13, 2021. The judgment, after a nonjury trial, is in favor of 141 Park Avenue Holdings, LLC, the defendant in Action No. 1 and the plaintiff in Action No. 2, and against 141 Park Avenue Realties, Inc., and Marino Mazzei, dismissing the complaint in Action No. 1 and directing specific performance of the contracts at issue in Action No. 2.
ORDERED that the judgment is modified, on the facts, by deleting the provision thereof directing specific performance of the contracts at issue in Action No. 2, and substituting therefor a provision dismissing the cause of action for specific performance in Action No. 2; as so modified, the judgment is affirmed, without costs or disbursements.
In August 2015, 141 Park Avenue Holdings, LLC (hereinafter Holdings), the defendant in Action No. 1 and the plaintiff in Action No. 2, entered into two contracts to purchase two adjacent properties on Park Avenue in Brooklyn owned by 141 Park Avenue Realties, Inc. (hereinafter Park), and Marino Mazzei, the plaintiffs in Action No. 1 and the defendants in Action No. 2. Both contracts provided for a closing "on or about 60 days from the receipt by the purchaser of a fully executed Contract of Sale." Neither contract made time of the essence. In October 2016, Park and Mazzei commenced Action No. 1 to recover damages for breach of contract and for a judgment declaring that the contracts of sale were properly cancelled by them pursuant to the terms of the contracts. Holdings then commenced Action No. 2, seeking, inter alia, specific performance of the contracts of sale. After a nonjury trial, the Supreme Court dismissed the complaint in Action No. 1 and directed specific performance of the contracts, as requested in Action No. 2. Park and [*2]Mazzei appeal.
In reviewing a factual determination made after a nonjury trial, this Court's authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts, taking into account in a close case that the trial judge had the advantage of seeing the witnesses (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Home Const. Corp. v Beaury, 149 AD3d 699, 701).
The Supreme Court's determination after trial to dismiss the complaint in Action No. 1 was warranted by the facts, as Park and Mazzei failed to demonstrate that Holdings repudiated the contracts, or that they properly cancelled the contracts pursuant to the terms of the contracts.
However, the Supreme Court's determination to direct specific performance of the contracts, as requested in Action No. 2, was not warranted by the facts. A party seeking specific performance of a contract for the sale of real property is required to establish not only that he or she was ready, willing, and able to close on the scheduled closing date, but also that the other party was in default (see Latora v Ferreira, 102 AD3d 838, 839; Nehmadi v Davis, 63 AD3d 1125, 1128; Elbayadi v Norton, 216 AD2d 936, 936). Here, since there was never a time of the essence closing, nor even a future scheduled closing date, Holdings did not establish that it was reading, willing, and able to close on the scheduled closing date, or that Park and Mazzei willfully defaulted or were unable to tender their performance (see Latora v Ferreira, 102 AD3d at 839; Nehmadi v Davis, 63 AD3d at 1128). Accordingly, the court should not have directed specific performance of the contracts, and should have dismissed that cause of action.
BRATHWAITE NELSON, J.P., ZAYAS, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court