ABRAHAM NOTT, Plaintiff, *v.* MICHAEL KLEIN, Defendant.

County Court, Nassau County, December 11, 1935.

*J. Russell Sprague,* for the appellant.

*Morris A. Vogel,* for the respondent.

JOHNSON, J. This is an appeal from a judgment of the City Court of the City of Long Beach. The plaintiff as landlord sued his tenant, the defendant, for $52.50, rent due pursuant to a written lease between the parties on July 15, 1935. The action was commenced by the service of a summons upon the defendant, in response to which the defendant appeared by his attorney. The complaint was oral. The defendant pleaded a general denial, eviction, actual or constructive, breach of contract, breach of covenant of quiet enjoyment, and two counterclaims, one of $275 for breach of contract, and another for $52.50 return of security under the lease. The plaintiff filed a written bill of particulars of his complaint, and the defendant served a bill of particulars of his counterclaim. The plaintiff then noticed the case for trial. On the trial day the attorneys agreed to stipulate the facts, and made a stipulation which they agreed should be taken by the court in lieu of oral testimony upon which to determine the case. The stipulation was signed by the attorneys for both parties and submitted to the court, together with each party's exhibits. The stipulation contained a statement of facts not disputed, and also contained each party's version of certain other facts. The court gave judgment for the plaintiff in the sum of $52.50, dismissed the counterclaim of $275 on the merits, and the counterclaim of $52.50 without prejudice.

The defendant appealed to this court from such judgment, and wants a reversal upon the ground that the stipulation referred to was an agreed statement of facts under sections 546, 547 and 548 of the Civil Practice Act, and failed to meet the requirements of those statutory provisions.

Section 546 of the Civil Practice Act provides as follows: " The parties to a question in difference which might be the subject of an action or special proceeding, being of full age, may agree upon a case containing a statement of the facts upon which the controversy depends; and may present a written submission thereof to a court of record which would have jurisdiction of an action brought for the same cause. The case must be accompanied with the affidavit of one of the parties to the effect that the controversy is real; and that the submission is made in good faith for the purpose of determining the rights of the parties. The submission must be acknowledged or proved, and certified, in like manner as a deed to be recorded in the county where it is filed."

It would seem obvious from a reading of that section that it applies to a situation where an actual controversy exists and the parties thereto are permitted to submit the same to the court instead of bringing an action thereon. It will be noted that there must exist a question " which might be the subject of an action," and that it may

be submitted to a court " which would have jurisdiction of an action brought for the same cause." In other words, the procedure there outlined applies, not to an action already brought, but provides a substitute for the bringing of an action. Consequently, the requirement that the submission be accompanied with an affidavit to the effect that the controversy is a real one, and that the submission is made in good faith, is for the purpose of avoiding collusive or fictitious submissions. (*Bloomfield* v. *Ketcham*, 95 N. Y. 657.) This is substantiated by the following provisions of section 547 of the Civil Practice Act: " The filing is a presentation of the submission; and thenceforth the controversy becomes an action or a special proceeding and each provision of law relating to a proceeding in an action or a special proceeding if it be such applies to the subsequent proceedings therein except as otherwise prescribed in the next section."

These statutes, therefore, provide for the submission of controversies without litigation, and were obviously intended to provide a substitute for litigation where the parties could agree upon the facts and submit them to the court for a determination upon the law. (*Marx* v. *Brogan*, 188 N. Y. 431.)

I cannot find, therefore, that the requirements of section 546 of the Civil Practice Act as to the affidavit and acknowledgment, proof and certification are at all applicable to the situation here presented where a real action has been instituted, pleadings and bills of particulars interposed, the case brought on for trial, and then a stipulation as to the facts substituted for oral testimony.

The appellant further asserts, however, that the statement of facts is insufficient, and that, therefore, the court below should have dismissed because of the following provision of section 548 of the Civil Practice Act: " If the statement of facts contained in the case is not sufficient to enable the court to render judgment, an order must be made dismissing the submission, without costs to either party, unless the court permits the parties or, in a proper case, their representatives, to file an additional statement, which, in its discretion, it may do without prejudice to the original statement."

For the reasons I have stated, I do not think that the provision above quoted is here applicable, but that it is intended to apply only to a submission of a controversy under the sections referred to, which submission, in order to confer jurisdiction, must contain a complete statement of the facts, so that the court's determination thereon will be a determination of law only.

In the instant case, however, inquiry must necessarily be made to determine whether the stipulation submitted to the trial court was sufficient to sustain the judgment rendered by that court. The

appellant complains that certain statements in that stipulation were contradictory. That is apparently true, but it is likewise apparent that the parties did not agree upon all of the facts and were not submitting to the trial court an agreed statement as to all of the facts, leaving that court to determine a question of law only; but that, on the contrary, they were submitting to that court a stipulation containing certain agreed facts and certain other facts as to which there was dispute between plaintiff and defendant; the one asserting one way, and the other the contrary. Instead of placing the plaintiff and defendant upon the witness stand and taking their oral testimony, the parties agreed to stipulate what in substance that would be, and submitted the statement to the court to make its determination. Upon that statement the court was justified in finding for the plaintiff in the amount of the rent due on July fifteenth. It was likewise justified in finding that the facts submitted by the defendant were insufficient to establish his defenses and counterclaims.

It follows that the judgment appealed from must be affirmed.