■ GENNARO J. PERILLO, Respondent, v NICK DE MARTINI, Appellant.— In an action *inter alia* to recover damages for breach of a contract for the sale of real property, in which defendant counterclaimed for specific performance of the contract, the appeal is from a judgment of the Supreme Court, Suffolk County, entered November 26, 1975, which is in favor of plaintiff, after a nonjury trial on stipulated facts. Judgment affirmed, with costs. The parties entered into a contract for the sale of a parcel of real property on May 13, 1974 wherein the plaintiff agreed to purchase the property for the sum of $140,000. He paid defendant $11,000 on account of the price at the time the contract was executed. After the law day specified in the contract had passed and been adjourned by consent, plaintiff, on November 8, 1974, sent a letter to defendant's counsel in which he stated unequivocally that if the title closing did not take place on November 29, 1974, "said contract will be cancelled and void." The defendant's attorney, by reply letter, agreed to close title on that date, but when the date arrived defendant defaulted, claiming that the failure to close was due to delay in obtaining governmental approvals over which he had no control and hence,

692

that the default was not his fault. The letter by plaintiff setting the closing for November 29, 1974 was tantamount to making time of the essence. Since defendant was given a reasonable time in which to perform, plaintiff had the right to declare him in default and to consider the contract terminated (see *Michaels v Flapan,* 42 Misc 2d 812, affd 23 AD2d 967). Furthermore, defendant's contention that the stipulation as to the facts at the trial was insufficient to enable Special Term to render judgment pursuant to CPLR 3222 is without substance (see *Nott v Klein,* 159 Misc 35; *Witschger v Kamages,* 275 App Div 1053). Martuscello, Acting P. J., Latham, Cohalan and Hawkins, JJ., concur.