# (September 13, 1982)

■ 4200 AVE. K REALTY CORP., Appellant, v 4200 Realty Co. et al., Respondents. — In an action for specific performance of a contract for the sale of realty and for an accounting, plaintiff appeals from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated January 5, 1982, as denied its motion for summary judgment. Order affirmed insofar as appealed from, with $50 costs and disbursements. The parties entered into an agreement for the sale of realty, conditioned upon the consent of the mortgagee savings bank to the transfer of title to plaintiff. When that consent was withheld, the closing date was rescheduled and a new financial arrangement was made to overcome the bank's objection. The consent was then given, but was not received by the plaintiff vendee in time for the adjourned closing on January 3, 1980. Plaintiff thus did not appear for the closing. By letter dated January 3, 1980, defendant vendors declared plaintiff in default. Plaintiff, once it had received the consent, immediately requested a new closing date. Upon defendants' refusal, plaintiff commenced the present action for specific performance and for an accounting. Both parties moved for summary judgment and plaintiff has appealed from so much of the order as denied its motion. We affirm on the ground that there are

triable issues of fact. Two of these involve plaintiff's good faith in supplying the mortgagee bank with the documentation necessary to obtain consent by the adjourned closing date and in its effort to obtain the letter of consent on January 2, 1980. The letter was purportedly ready on that date; if that is so, it might have been secured and made available for the closing scheduled for the next day. Defendants argue that plaintiff did not make good-faith efforts to obtain what was necessary to complete the closing. Plaintiff maintains a contrary position, and resolution of the conflict must await a trial. The remaining issue for resolution is the sufficiency of the oral notice, wherein defendants' attorney, preparatory to declaring plaintiff in default, sought to convert the closing date of January 3 to one as being "time of the essence". Since it is conceded that neither the original contract nor the contract as modified made the closing date "of the essence", in order to declare the contract as being so, and therefore declare plaintiff in default for its failure to appear, defendants were obliged to serve upon plaintiff clear, unequivocal notice to that effect (see *Ballen v Potter,* 251 NY 224; *Taylor v Goelet,* 208 NY 253; *Myers v De Mier,* 52 NY 647; *Perillo v De Martini,* 54 AD2d 691; *Michaels v Flapan,* 42 Misc 2d 812, affd 23 AD2d 967). As the language of the contract required all notices amending or modifying its terms to be in writing, the oral statements of defendants' attorney were not in accord with the contract (see *De Witt v Patterson,* 282 App Div 827; see, also, *Ballen v Potter, supra;* cf. *Perillo v De Martini, supra; Michaels v Flapan, supra*), the purported notice was legally insufficient and, consequently, the declaration of default a nullity. There exists, therefore, no triable issue of fact with respect to this question. Mollen, P. J., Damiani, Titone and Bracken, JJ., concur.