■ WILLIAM C. EPP, JR., as Administrator of the Estate of BEATRICE SMITH, Deceased, Appellant, v JOHN T. MATHER MEMORIAL HOSPITAL et al., Respondents. — Order of the Supreme Court, Suffolk County (Luciano, J.), dated August 4, 1983, affirmed, with costs. No opinion. ¶ Plaintiff's time to comply with the disclosure provisions contained in the order of Special Term dated March 7, 1983 is extended until 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. Mollen, P. J., Titone, Mangano and Lawrence, JJ., concur.

■ 4200 AVE. K REALTY CORP., Appellant, v 4200 REALTY Co. et al., Respondents. — In an action, *inter alia,* for specific performance of a contract for the sale of real property, plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated March 13, 1984, which denied its motion to extend the time for it to restore the case to the Trial Calendar and to stay cancellation of a *lis pendens.* ¶ Order reversed, with costs, the dismissal pursuant to CPLR 3404 vacated, *lis pendens* reinstated, that branch of plaintiff's motion which sought to extend the time to restore the case to the calendar granted to the extent that plaintiff's time is extended until 10 days after service upon it of a copy of an order to be made hereon with notice of entry, without prejudice to any motion by plaintiff in the Supreme Court, Kings County, for an additional extension of time, and that branch of plaintiff's motion which sought a stay of cancellation of the *lis pendens* denied as academic. ¶ Under the unusual facts of this case, it is clear that plaintiff did not abandon this case and Special Term's refusal to extend the time to restore the case to the Trial Calendar constituted an improvident exercise of discretion (cf. *O'Dell v Stornelli,* 98 AD2d 957; *Morhaim v Morhaim,* 81 AD2d 790). We have previously recognized that there are triable issues of fact presented in this case (*4200 Ave. K Realty Corp. v 4200 Realty Co.,* 89 AD2d 978). Titone, J. P., Lazer, Mangano and O'Connor, JJ., concur.