PATRICK SHANNON et al., Appellants, v MILTON SIMON et al., Respondents.—In an action, *inter alia*, for specific performance of a contract for the sale of real property, the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Walsh, J.), entered August 27, 1985, which, after a nonjury trial, *inter alia*, dismissed the complaint.

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiffs entered into a contract whereby they agreed to purchase the home of the defendants Simon. Although the plaintiffs had intended to consummate the sale of their own home prior to the closing date specified in the instant contract, this intention was never reduced to writing and was not a condition precedent to the performance of their agreement with the defendants.

The closing date specified in the contract was July 1, 1983. However, the plaintiffs were not ready to proceed with the sale on that date, because of the failure of the prospective purchasers of the plaintiffs' home to obtain a necessary survey.

By letter dated June 30, 1983, the defendants' attorney favorably responded to the plaintiffs' request for an adjournment to July 12, noting, however, that time was to be of the essence. By letter dated July 13, the defendants' attorney again agreed to adjourn the closing to July 15. This letter unequivocally stated that the adjournment was final and reiterated that time was of the essence. On July 21, the defendants' attorney declared the plaintiffs to be in default of the contract and, therefore, remitted the down payment to the defendants, in accordance with paragraph 27 of the contract.

It is well settled that a vendor of real property may convert an agreement in which time is not of the essence to one in which time is of the essence by giving clear and unequivocal notice to the vendee that a specified reasonable time for the completion of his obligation will be deemed of the essence (*Levine v Sarbello*, 112 AD2d 197, *affd* 67 NY2d 780). The correspondence of the defendants' attorney constituted clear and unequivocal notification that time was to be of the essence. Moreover, it is readily apparent that the plaintiffs were given a reasonable time in which to fulfill their obligations under the contract. Consequently, the defendants were justified in declaring the plaintiffs to be in default, and in retaining the plaintiffs' deposit as damages pursuant to the provisions of the contract (see, *Maxton Bldrs. v Lo Galbo*, 68 NY2d 373; *Perillo v De Martini*, 54 AD2d 691).

We have considered the plaintiffs' other contentions and find them to be without merit. Brown, J. P., Niehoff, Eiber and Sullivan, JJ., concur.