■ IMMAR REALTY, INC., Appellant, v MAYSON H. TUCKER, Respondent.—In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Oppido, J.), dated December 16, 1986, which granted the defendant's motion pursuant to CPLR 3212 for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

Although the "law date" set in the contract had passed and the plaintiff had not fully performed cleanup operations called for by the contract, the defendant continued to consider the contract executory. Thereafter, the defendant never established that time was of the essence by setting a new "law date" for the plaintiff's performance.

Absent a clear and unequivocal statement calling for the plaintiff to close title, the plaintiff was not in default so as to defeat, as a matter of law, the cause of action for specific performance *(see, 4200 Ave. K. Realty Corp. v 4200 Realty Co., 89 AD2d 978).* Mangano, J. P., Niehoff, Sullivan and Harwood, JJ., concur.