■ WOODWORK DISPLAY CORP., Respondent, v GUS PLAGAKIS, Appellant.—In an action for specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Queens County (LeVine, J.),

dated January 9, 1987, which denied his motion for summary judgment dismissing the complaint, and for judgment on his counterclaim to cancel the recording of the contract of sale.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint and for judgment on his counterclaim is granted.

On August 13, 1984, the parties entered into a written contract wherein the plaintiff agreed to purchase the defendant's property in Long Island City. The purchase price was $345,000, of which $50,000 was to be paid on the signing of the contract. The balance of $295,000 was to be paid by cash or certified check when title closed. This purchase was an all-cash transaction with no provision for a mortgage to be obtained by the plaintiff purchaser. The contract provided that the closing of title would take place on August 30, 1985, more than one year after the signing of the contract, and time was not made of the essence.

The facts with regard to the three adjournments of the date of title closing are material to this determination. By letter dated May 28, 1985, the plaintiff exercised an option in the contract and requested that the defendant "cause the removal of any tenants or occupants * * * of the Property at or prior to the Closing". The defendant could not cause the removal of a tenant prior to the scheduled closing date and requested an adjournment from August 30, 1985 to October 1, 1985, which was agreed to by the plaintiff. By reason of an additional delay in obtaining the removal of the tenant, the defendant requested and was granted a second adjournment to November 4, 1985. In October 1985, the plaintiff's attorney, without stating a reason, orally requested and obtained from the defendant an adjournment until December 3, 1985.

In a letter dated November 12, 1985, the plaintiff requested another adjournment of the closing to May 15, 1986, a further delay of more than five months. The plaintiff offered no reason for the lengthy adjournment. However, the plaintiff offered to pay the defendant the additional sum of $25,000 on account of the purchase price. In response, by letter dated November 15, 1985, the defendant's attorney declined to grant any further adjournment, in the following terms:

"We received your letter of November 12th. Our client refuses any adjournments.

"The building on the property is vacant and he expects to close title as previously agreed on December 3, 1985 at 10:00

a.m. at our office. We shall be prepared at that time to tender to you a deed properly executed and acceptable to your title company.

"Absent such title closing as aforementioned our client will take it that you are in default and will act accordingly".

It is unclear when this letter of November 15, 1985 was received by the plaintiff's attorney, since counsel for the plaintiff, in an affirmation, states in a vague manner that "a serious question exits [sic] as to when the same was received". However, counsel for the plaintiff admits that he did receive the letter "at the earliest, several days after November 15 or, at the latest, several days after the purported remailing on November 22". The "remailing" refers to a notation on the above-stated November 15th letter by the defendant's counsel that the letter was remailed on November 22, 1985, "CM rrr" (apparently, certified mail return receipt requested). The plaintiff's counsel further admitted that "the contents of the letter were discussed with Kaufman [the plaintiff's president] as soon as the same was received, which was sometime in the latter part of November, 1985". Thereafter, the plaintiff sought to adjourn the closing date for a lesser period of time, to January 31, 1986, but still approximately seven weeks after the closing date, again without giving any reason. The defendant again refused to adjourn the closing date. On December 3, 1985, the defendant appeared at his attorney's office ready to deliver the deed, but the plaintiff did not appear or telephone and did not tender the purchase price.

On January 19, 1986, the plaintiff commenced this action for either specific performance of the contract to purchase the property or, in the alternative, the return of the down payment and incidental expenses. In his answer, the defendant, *inter alia*, interposed a counterclaim to cancel the recording of the contract of sale. The defendant then moved for summary judgment dismissing the complaint and for judgment on his counterclaim. The Supreme Court, Queens County, denied the defendant's motion, stating that while the defendant's November 15, 1985 letter did attempt to make time of the essence, triable issues of fact existed as to (1) whether the plaintiff received the notice in sufficient time to close, (2) the defendant's good faith in making time of the essence, and (3) whether the plaintiff used due diligence to secure financing for the purchase of the real property. We find no such triable issues and, therefore, reverse.

Since the contract itself contained no "time of the essence" clause, in order to unilaterally convert a closing date, the

defendant was required to give a clear, distinct and unequivocal notification which fixes a reasonable time within which the plaintiff may perform before default results *(Ballen v Potter,* 251 NY 224, 229; *Mazzaferro v Kings Park Butcher Shop,* 121 AD2d 434, 435-436; *Perillo v De Martini,* 54 AD2d 691, *lv denied* 40 NY2d 808; 62 NY Jur, Vendor & Purchaser, § 39, at 250, 251). We agree with the Supreme Court that the letter of November 15, 1985 was such a clear and unequivocal notification of the defendant's intent to make time of the essence as to the December 3, 1985 closing date.

The only remaining question before us is to determine whether this notice gave the plaintiff a reasonable time to perform. A review of the precedents and of the facts of this case reveals that the plaintiff was afforded a reasonable time to close on December 3, 1985, and its failure to do so, in the face of the "essence" date, constituted a willful default on its part. In *Michaels v Flapan* (42 Misc 2d 812, *affd* 23 AD2d 967), the seller sent a notice on March 20 insisting on adherence to an April 3 closing date, which period was held to be a reasonable time within which plaintiff was to perform. In *Perillo v De Martini (supra),* the plaintiff's counsel sent a letter to the defendant's attorney on November 8 in which he stated unequivocally that if the title closing did not take place on November 29, "said contract will be cancelled and void." We held that the letter made time of the essence, gave the defendant a reasonable time to perform, and gave the plaintiff the right to declare the defendant in default and to consider the contract terminated. In *Shannon v Simon* (128 AD2d 859, *lv denied* 70 NY2d 605), the seller sent a letter dated June 30 making a July 12 closing date of the essence, involving a period of 12 days. Thereafter, when the buyer sought additional time, the seller sent a written notice dated July 13 making a July 15 closing of the essence. In language particularly appropriate to this case, we affirmed the dismissal of the purchaser's specific performance action, as follows: "It is well settled that a vendor of real property may convert an agreement in which time is not of the essence to one in which time is of the essence by giving clear and unequivocal notice to the vendee that a specified reasonable time for the completion of his obligation will be deemed of the essence *(Levine v Sarbello,* 112 AD2d 197, *affd* 67 NY2d 780). The correspondence of the defendants' attorney constituted clear and unequivocal notification that time was to be of the essence. Moreover, it is readily apparent that the plaintiffs were given a reasonable time in which to fulfill their obligations under the contract.

Consequently, the defendants were justified in declaring the plaintiffs to be in default, and in retaining the plaintiffs' deposit as damages pursuant to the provisions of the contract *(see, Maxton Bldrs. v Lo Galbo,* 68 NY2d 373; *Perillo v De Martini,* 54 AD2d 691)" *(Shannon v Simon, supra,* at 860).

In this case, the plaintiff contends that there are triable issues as to when the plaintiff's counsel received the letter in question, the reasonableness of the time interval and whether the parties acted in good faith and diligently. We find no such triable issues *(see, Zev v Merman,* 134 AD2d 555). The plaintiff's president conceded that the plaintiff was ready, willing and able to close at all times but it was attempting to obtain "more favorable financing", and, also, that the December 3, 1985 closing date was "inconvenient". In his affidavit dated August 15, 1986, plaintiff's president stated the following:

"Thus, as of the date originally scheduled for the closing and, for that matter, continuously thereafter, [the plaintiff] was, and still is, ready, willing and able to close title * * *

"11. At or about November 12, 1985 because of the repeated delays and adjournments in the closing, desirous of exercising [the plaintiff's] rights pursuant to Paragraph (a) of the Rider to the contract, *and requiring a longer delay to arrange more favorable financing for [the plaintiff],* deponent instructed [the plaintiff's] counsel to request a lengthy delay of the closing from counsel for [the defendant] * * *

"12. * * * The timing of that letter was such that, of course, deponent was incapable of *arranging the favorable financing hereinabove referred to, and further was scheduled to be out of town at or about that time.* Accordingly, counsel for [the plaintiff] advised counsel for [the defendant], at or shortly after receipt of the November 15 letter, that December 3, 1985 *was inconvenient for the closing,* and requested that same be adjourned some five weeks hence, again offering to increase the funds advanced on account of the purchase price" (emphasis supplied).

Since the contract of sale, entered into 16 months before the final closing date, provided for payment in cash, the "favorable financing" or "convenience" on the part of the plaintiff was not a reasonable basis to refuse to close on December 3, 1985. Moreover, the exact date that the plaintiff's counsel received the letter of November 15 is irrelevant since the plaintiff concedes it was able to close on December 3, 1985, but chose to request an adjournment to obtain more "favorable financing" and because that date was not convenient to its

president. For the same reasons, good faith on the part of the defendant and diligence on the part of the plaintiff do not serve to raise triable issues in light of the plaintiff's conceded ability to close and its decision not to do so.

Accordingly, the letter of November 15 did effectively make time of the essence for the December 3, 1985 closing date, and, under the circumstances of this case, the plaintiff was given a reasonable time in which to fulfill its obligations under the contract. Consequently, the defendant was justified in declaring the plaintiff to be in default and in retaining the plaintiff's down payment as damages pursuant to the provisions of the contract (see, Maxton Bldrs. v Lo Galbo, 68 NY2d 373; supra; Shannon v Simon, supra; Perillo v De Martini, supra). Finally, the defendant is entitled to judgment on his counterclaim canceling the recording of the contract of sale. Mangano, J. P., Bracken, Kooper and Spatt, JJ., concur.