■ Gila Nissenbaum, Appellant-Respondent, v Mario Ferazzoli et al., Respondents-Appellants.—In an action, inter alia, for specific performance of a contract for the sale of real property, (1) the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Joy, J.), dated February 2, 1987, as denied her claim for specific performance and granted the defendants' counterclaim for damages for breach of contract, and (2) the defendants cross-appeal, as limited by their brief, from so much of the same judgment as awarded them only the principal sum of $40,000 as damages on their counterclaim for breach of contract.

· Ordered that the judgment is reversed insofar as appealed from, on the facts, with costs to the plaintiff, the plaintiff is granted specific performance of the contract for the sale of real property and the defendants' counterclaim for breach of contract is dismissed.

We find that under the circumstances of this case the Supreme Court erred in not granting the plaintiff buyer specific performance of the contract to convey real property. We note that the contract did not make time of the essence and find that the defendants' letters of February 14, 1985 (a Thursday) which set a closing date of February 19, 1985 (the following Tuesday) failed to provide reasonable notice to the plaintiff so as to convert the agreement into one where time was of the essence. The record reveals that the plaintiff was

ready, willing and able to perform her obligations under the contract on March 6th and accordingly should have been granted specific performance *(see, Mazzaferro v Kings Park Butcher Shop,* 121 AD2d 434, 435-436).

We find no evidence in the record to support a determination that the plaintiff ever breached the contract of sale. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.