■ THOMAS PALMIOTTO, Appellant, v JOHN MARK, III, et al., Respondents.—In an action for specific performance of a contract for the sale of real property, the plaintiff purchaser appeals from a judgment of the Supreme Court, Westchester County (Dachenhausen, J.), dated September 8, 1987, which, upon an order granting the defendants' motion for summary judgment dismissing the complaint and on their counterclaim, *inter alia,* is in favor of the defendants and against him in the principal sum of $26,200.

Ordered that the judgment is affirmed, with costs.

The plaintiff entered into a contract dated June 18, 1986, for the purchase of the defendants' house. The plaintiff made a down payment of $31,200, of which $5,000 was to be nonrefundable "without recourse." The contract was conditioned on the plaintiff obtaining a mortgage commitment which he received on July 22, 1986. The closing date specified in the contract, September 10, 1986, passed without a written protestation from either party.

By letter dated September 29, 1986, the defendants' counsel advised the plaintiff that they were anxious to close before December 1st due to changes in the tax law. Having received no response from the plaintiff, by letter dated October 17, 1986, the defendants' counsel advised the plaintiff that time was now "of the essence" and that if the closing did not take place by November 15, 1986, they would consider the contract terminated. By letter dated November 10, 1986, the plaintiff protested, but did not suggest an alternate date for closing. The "essence" date passed and by letter dated November 17, 1986, the defendants' counsel returned a portion of the down payment in the amount of $26,200 and declared the plaintiff to be in default. The plaintiff sued for specific performance. The defendants moved for and were granted summary judgment. We now affirm.

It is well settled that a vendor of real property may convert an agreement in which time is not of the essence to one in which time is of the essence by giving clear and unequivocal notice to the vendee that a specified reasonable time for the completion of his obligation will be deemed of the essence *(Shannon v Simon,* 128 AD2d 859, *lv denied* 70 NY2d 605; *Levine v Sarbello,* 112 AD2d 197, *affd* 67 NY2d 780). The letter of October 17, 1986 constituted clear and unequivocal

notification that time was to be of the essence with respect to closing. Moreover, it is readily apparent that the plaintiff was given a reasonable time in which to fulfill his obligations under the contract and there was no reason for his delay (see, *Woodwork Display Corp. v Plagakis,* 137 AD2d 809, *lv denied* 72 NY2d 806; *Shannon v Simon,* 128 AD2d 859, *supra; cf., Nissenbaum v Ferazzoli,* 143 AD2d 823). Consequently, the defendants were justified in holding the plaintiff in default and, therefore, in breach of contract. Notwithstanding the elimination of the liquidated damages clause in the contract, the court correctly awarded the down payment to the defendant vendors as damages (see, *Maxton Bldrs. v Lo Galbo,* 68 NY2d 373; *Fingerhut v Kralyn Enters.,* 71 Misc 2d 846, *affd* 40 AD2d 595, *lv denied* 31 NY2d 644; *cf., Swezey v Marra,* 143 AD2d 827).

We have considered the plaintiff's remaining contentions and find them to be without merit. Mollen, P. J., Eiber, Kooper and Harwood, JJ., concur.