■ KENNETH ZAHL et al., Appellants, v SHIRLEY S. GREENFIELD et al., Respondents.—In an action, *inter alia,* to recover a down payment made on a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Kutner, J.), dated March 31, 1989, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs, who contracted to buy the defendants' residence, contend they continue to enjoy a right to cancel the contract of sale because of a claimed oral modification of a mortgage contingency clause, which modification would have effectively rendered the contract of sale, like the mortgage commitment the plaintiffs obtained, contingent upon the sale of the plaintiffs' present home. However, the contract of sale could not be modified orally *(see, e.g.,* General Obligations Law § 15-301; *cf.,* General Obligations Law § 5-703). Further, at no time did the plaintiffs seek to exercise their right to cancel the contract in accordance with the contract terms. They simply failed to appear for the closing on the date and at the time specified by the defendants.

We find that the defendant sellers properly converted the original, nonfirm, closing date to one which was of the essence by giving clear and unequivocal notice to the plaintiffs that the firm date for closing would be September 30, 1988. The

plaintiffs received reasonable notice that they would have to close on or before that date. In a letter dated September 10, 1988, the defendants made time of the essence, and stated that the closing was to be held "not later than September 23, 1988". In a letter dated September 24, 1988, the defendants extended the closing date until September 30, 1988, and the plaintiffs were notified that if they did not close on that date, they would be held in default *(see, Palmiotto v Mark,* 145 AD2d 549, 550; *Woodwork Display Corp. v Plagakis,* 137 AD2d 809, 812-813; *Shannon v Simon,* 128 AD2d 859, 860). The plaintiffs' failure to close on September 30, 1988, constituted a willful default, and the sellers were therefore entitled to retain the down payment *(see, Maxton Bldrs. v Lo Galbo,* 68 NY2d 373, 381-382; *Palmiotto v Mark, supra,* at 550; *Woodwork Display Corp. v Plagakis, supra,* at 813-814; *cf., Kressel Rothlein & Roth v Gallagher,* 155 AD2d 587).

We have considered the plaintiffs' remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Harwood and Miller, JJ., concur.