■ THOMAS P. LAWRENCE, Respondent, v JOHN M. MOUNTAIN, Appellant. [651 NYS2d 816] —Order unanimously reversed on the law with costs, motion denied and amended answer and counterclaim reinstated. Memorandum: Defendant agreed to

purchase plaintiff's interest in two parcels of real property at Cuba Lake in Allegany County. The contract provided for a closing on or before August 21, 1995, but did not provide that time was of the essence. On August 20, 1995, plaintiff informed defendant that he had been unable to close on his contract to purchase a new home and that he could not deliver possession to defendant on August 21. On August 29, plaintiff tendered various closing documents to defendant and announced that he was ready to close on September 1. Defendant refused to close, asserting that, on August 20, 1995, plaintiff offered defendant the opportunity to rescind the transaction and that defendant had opted to do so. Plaintiff commenced this action for specific performance of the contract. Supreme Court erred in granting plaintiff's motion for summary judgment seeking specific performance and in dismissing the amended answer and counterclaim for return of defendant's down payment.

A vendor of real property is not entitled to specific performance of his contract of sale unless he can demonstrate that he was able to convey marketable title (*Chesebro v Moers*, 233 NY 75, 81; *see, Empire Career Ctr. v Town of Schuyler*, 203 AD2d 906; *see generally*, 91 NY Jur 2d, Real Property Sales and Exchanges, § 209) and that he was ready, willing and able to perform (*Wilkinson v Hoelscher*, 163 AD2d 819, 820). As the movant seeking summary judgment, plaintiff had the burden to submit evidence negating the existence of any triable issue of fact (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Plaintiff failed to sustain his burden.

In his amended answer, defendant asserts that plaintiff could not convey marketable title because he had only a leasehold interest in one parcel. The contract of sale indicates that, with respect to one parcel owned by the State of New York and leased to plaintiff, the sale is subject to the rights of the State. Thus, a conveyance of only a leasehold interest did not affect marketability. Defendant also asserts in his amended answer, however, that plaintiff could not convey marketable title because there was an encroachment upon a highway right-of-way. During oral argument on the motion for summary judgment, plaintiff's counsel conceded that the property survey established that a garage encroached on the highway right-of-way, but nevertheless contended that defendant was made aware of the encroachment by the survey and waived any objection to it. He further contended that the encroachment was so slight that it did not affect marketability. Those contentions lack merit. Knowledge of the existence of an encroachment does not defeat the buyer's right to a title free and clear of all

encumbrances in accordance with the contract (*see, Dinnean v Liebler*, 8 AD2d 920, *affd* 8 NY2d 759). Plaintiff submitted no evidence regarding the numerous factors to consider in determining whether a particular encroachment affects the marketability of title (*see generally*, 3 Warren's Weed, New York Real Property, Marketability of Title, §§ 10.01, 10.04 [4th ed]). Because factual issues exist regarding the marketability of plaintiff's title, the court erred in granting plaintiff specific performance of the contract.

Plaintiff also failed to demonstrate that he was ready, willing and able to perform his contractual obligations on September 1. The record suggests that, because he canceled a contract with a moving company, he was unable to deliver possession on September 1. Further, plaintiff submitted no evidence by a person with first-hand knowledge negating the affirmative defense that on August 20 plaintiff released defendant from his obligation to purchase the property. The statement of plaintiff's counsel that parol evidence could not be admitted at trial to establish such a release is insufficient. Had plaintiff presented proof negating the release, defendant could have countered that proof with parol evidence, even though it might be inadmissible at trial (*see, Phillips v Kantor & Co.*, 31 NY2d 307). Additionally, we note that the contract required plaintiff to deliver a 40-year abstract of title and 10-year search at least two weeks prior to the closing. Plaintiff failed to establish that he submitted the requisite papers two weeks prior to September 1, 1995. (Appeal from Order of Allegany County Court, Griffith, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wesley, Doerr and Balio, JJ.