(October 16, 2001)

■ DIANA FRIEDMAN et al., Appellants, v JAMES F. O'BRIEN, JR., et al., Respondents. DIANA FRIEDMAN et al., Appellants-Respondents, v JAMES F. O'BRIEN, JR., et al., Respondents-Appellants. [731 NYS2d 164] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered September 20, 1999, which, in an action seeking return of a $38,500 down payment on the purchase of a cooperative apartment, *inter alia,* granted defendant sellers' motion for summary judgment dismissing the complaint, and order, same court and Justice, entered September 21, 1999, which, *inter alia,* denied defendants' motion (on reargument) for sanctions against plaintiff buyers' attorneys, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered June 30, 1999, unanimously dismissed, without costs, as subsumed within the appeal from the aforesaid order of September 21, 1999.

Plaintiffs breached the contract of sale in that they failed to cancel the contract in accordance with the provisions that allowed them to do so in the event they were unable to obtain a loan commitment, and then failed to proceed with a closing, the time of which defendants properly made "of the essence" after having given plaintiffs several reasonable extensions of time to obtain said financing.

The contract required the purchaser to submit an application to the cooperative corporation for approval within 10 business days after execution, with additional time to submit evidence of a loan commitment. The contract further provided for a 30-day adjournment of the scheduled closing in the event the cooperative corporation had not yet issued its approval or denial.

Concededly, the first two adjournments were "mutually agreed[-upon] extensions" of the closing date, which was initially scheduled for August 23, 1998. The first such adjournment extended the closing to September 10. When plaintiffs encountered difficulty in obtaining a loan commitment, their

attorney asked, on September 4, for another extension of the closing date to "on or about September 24." Five days later, counsel sought still another extension upon the realization that his clients were getting married 10 days hence, and would not be returning from their honeymoon until October. On September 16, defendants' counsel agreed to a final adjournment to October 21, stating that time was now of the essence: "[Y]our clients' failure to close on October 21, 1998 will result in a default under the contract." This letter also reminded plaintiffs' counsel that his clients had missed their window of opportunity for cancellation, and that any difficulty now in obtaining a mortgage commitment "in no way vitiates their obligation under the contract to complete this transaction on the adjourned closing date."

On October 19, two days before the final adjourned closing date, plaintiffs' attorney wrote to defendants' counsel that "As we advised you, our clients are prepared to close the transaction subject only to the approval by the Board of the Cooperative Corporation of their application." Indeed, that application was not submitted to the Board until October 20, for review the next day. Under the circumstances, this *guaranteed* that there would be no compliance with the now-essential requirement that the closing take place on October 21. Such conduct was no more than *sham* compliance, and is more aptly described as a *default*.

The cooperative board took about three weeks to review plaintiffs' application, and denied it on November 13, which was four days after defendants formally declared plaintiffs to be in default. Plaintiffs' default lay in timing their application for board approval too late to meet the law day established for closing. They cannot hide behind delays ascribed to a nonparty as an excuse for their own default (*Perillo v De Martini*, 54 AD2d 691). Nor were defendants obligated to grant any further adjournments of the closing date (*see, Grace v Nappa*, 46 NY2d 560, 565).

Plaintiffs' breach entitled defendants to retain the down payment (*see, Zahl v Greenfield*, 162 AD2d 449, *lv denied* 76 NY2d 709). The suggestion that plaintiffs did not act in bad faith is irrelevant.

We have considered and rejected defendants' argument that plaintiffs' attorneys' conduct was frivolous, warranting sanctions. Concur—Ellerin, J. P., Wallach, Lerner and Saxe, JJ.