■ Malvine Eichenstein et al., Respondents, v Mervin B. Glassman, Appellant, et al., Defendant. [754 NYS2d 577] —In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant Mervin B. Glassman appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Owen, J.), dated June 18, 2001, as denied those branches of his motion which were for

summary judgment dismissing the complaint and to vacate a notice of pendency.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were for summary judgment dismissing the complaint and to vacate the notice of pendency are granted, and upon searching the record, summary judgment is granted dismissing the amended complaint insofar as asserted against the defendant DUBJA Realty Corp., the amended complaint is dismissed in its entirety, and the notice of pendency is vacated.

A party must establish that it was ready, willing, and able to perform its contractual obligations before specific performance of a contract for the sale of real property may be granted (*see Johnson v Phelan,* 281 AD2d 394; *Petrelli Assoc. v Germano,* 268 AD2d 513). Here, the plaintiffs defaulted on their contractual obligations by failing to appear at the closing on the scheduled date (*see Zahl v Greenfield,* 162 AD2d 449; *Mohen v Mooney,* 162 AD2d 664).

While the original closing date did not include a provision that time was of the essence, the appellant provided unequivocal notice on July 13, 1999, when adjourning the closing date specified in the contract, that there would be no further adjournments and that time was of the essence. The plaintiffs did not object to that notice. Accordingly, the plaintiffs' failure to appear at the scheduled closing precluded the grant of specific performance (*see Zahl v Greenfield, supra*; *Mohen v Mooney, supra*).

The plaintiffs commenced this action for specific performance against the appellant and filed a notice of pendency against the property after the defendant DUBJA Realty Corp. (hereinafter DUBJA) purchased the property and recorded the deed evidencing such sale. Although DUBJA was not a party to the summary judgment motion, and is not a party to this appeal, this Court, upon searching the record, grants summary judgment dismissing the amended complaint insofar as asserted against it, to set aside the conveyance of the subject premises from the appellant to it (*see Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106; *Sanchez v United Rental Equip. Co.,* 246 AD2d 524, 526).

The plaintiffs' remaining contention is without merit. S. Miller, J.P., Crane, Cozier and Rivera, JJ., concur.