■ Premier Storage Solutions, LLC, Appellant, v Almar Group, Inc., et al., Respondents. [756 NYS2d 617] —In an action to recover a down payment pursuant to a real estate contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Golar, J.), dated January 2, 2002, which denied its motion for summary judgment on the complaint, granted the cross motion of the defendant Almar Group, Inc., for summary judgment on its counterclaim to retain the down payment, and directed the defendant Steckler, Gutman, Morrissey & Murray to release the down payment held in its escrow account to the defendant Almar Group, Inc. Presiding Justice Prudenti has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

On April 18, 2000, the plaintiff buyer and the defendant seller, Almar Group, Inc. (hereinafter Almar), entered into a contract for the sale of certain real property. The plaintiff provided Almar with a $100,000 down payment which was held in escrow by the defendant law firm, Steckler, Gutman, Morrissey & Murray (hereinafter the Steckler firm). The relevant rider provisions of the contract provided, inter alia, that the contract was contingent upon there being no substantial structural defects in any building on the premises which would cost more than $50,000 to repair.

In May 2000 the plaintiff notified Almar that it wished to cancel the contract due to the presence of substantial structural defects on the property and requested a return of its $100,000 down payment. However, the plaintiff did not substantiate its claim that the alleged defects would cost more than $50,000 to repair. Almar rejected the purported cancellation and set a time-of-the-essence closing date of August 14, 2000. The plaintiff failed to appear for the closing and thereafter commenced this action to recover its down payment. The plaintiff moved for summary judgment in its favor and Almar cross-moved for summary judgment on its counterclaim to retain the

down payment, asserting that the plaintiff had breached the contract. The Supreme Court denied the plaintiff's motion, granted Almar's cross motion, and directed the Steckler firm to release the down payment held in its escrow account to Almar.

Although the contract between the parties was contingent upon there being no substantial structural defects which would cost more than $50,000 to repair, the plaintiff never submitted any written estimates or any other documentation to substantiate its claim. As such, the plaintiff forfeited its right to recover the down payment since Almar was ready, willing, and able to perform on the August 14, 2000, closing date, and the plaintiff defaulted by failing to appear (*see Lipshy v Sabbeth,* 134 AD2d 409 [1987]; *Cooper v Bosse,* 85 AD2d 616 [1981]).

The plaintiff's remaining contentions are without merit. Prudenti, P.J., Santucci, Goldstein and Cozier, JJ., concur.