■ Felix Armas et al., Appellants-Respondents, v Kenneth Yuska, Respondent-Appellant. [768 NYS2d 641]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Schmidt, J.), dated September 13, 2002, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, and, in effect, denied their cross motion, inter alia, for leave to amend the complaint, and the defendant cross-appeals from so much of the same order as, sua sponte, directed him to return the contract deposit to the plaintiffs.

Ordered that on the Court's own motion, so much of the notice of cross appeal as purports to cross-appeal as of right from that portion of the order, as, sua sponte, directed the defendant to return the contract deposit to the plaintiffs is treated as an application for leave to cross-appeal from that portion of the order, and leave to cross-appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The defendant made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

However, the Supreme Court erred in directing the defendant to return the contract deposit to the plaintiffs. A vendee who defaults on a real estate contract without lawful excuse cannot recover the down payment (*see Cipriano v Glen Cove Lodge No. 1458*, 1 NY3d 53 [2003]; *Maxton Bldrs. v Lo Galbo*, 68 NY2d 373, 378 [1986]; *Zahl v Greenfield*, 162 AD2d 449 [1990]).

The plaintiffs' remaining contentions either are without merit or academic in light of our determination. Prudenti, P.J., S. Miller, H. Miller and Adams, JJ., concur.