■ KHALIL SIKANDER, Appellant, v PRANA-BF PARTNERS et al., Respondents. [802 NYS2d 32]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered September 24, 2004, which, in an action for specific performance, inter alia, granted defendant sellers' motion for summary judgment dismissing the complaint, and directed the escrow agent to release plaintiff buyer's down payment to defendants as liquidated damages, unanimously affirmed, with costs.

The action was properly dismissed where the parties' contract contained a time of the essence clause, defendants made a prima facie showing that they were ready, willing and able to deliver good and marketable title at the scheduled closing (cf. *Lawrence v Mountain*, 234 AD2d 974 [1996]), and plaintiff appeared at the closing with only about half of the money needed to meet the all-cash purchase price (see *International Baptist Church, Inc. v Fortini*, 20 AD3d 507 [2005]). No issues of fact are raised as to whether defendants waived the time of the essence clause, and we reject plaintiff's arguments that enforcement of that clause, as well as the liquidated damage clause, would be inequitable. In refusing to proceed, defendants were merely asserting their contractual right to a reasonably quick closing that did not involve a mortgage, and the consequences of failing to appear at the scheduled closing with the necessary cash should have been known to plaintiff, who acknowledged in the contract that he was a "sophisticated real estate investor" represented by "knowledgeable counsel" (cf. *1029 Sixth, LLC v Slip-On Shoes, Inc.*, 9 AD3d 142, 148-149 [2004], *appeal dismissed* 4 NY3d 795 [2005]). We note that defendants did agree to two brief courtesy extensions of the closing, while clearly reaffirming that time was of the essence, and that plaintiff did not give defendants convincing reasons for believing that, as he claimed, he had the financial means to close within 24 hours. Nor does it avail plaintiff to assert that defendants were in default because of recent defects he noted on the premises just prior to the closing, where the contract provided that the premises were being sold "as is . . . subject to reasonable wear and tear," and plaintiff does not adduce any professional opinion or otherwise substantiate the nature and extent of the alleged defects (see *Premier Stor. Solutions v Almar Group*, 303 AD2d 481 [2003]).

We have considered plaintiff's other claims, including that defendants "misrepresented" the premises, and find them to be without merit. Concur—Buckley, P.J., Friedman, Sullivan and Nardelli, JJ.