(March 27, 2008)

■ TOWN HOUSE STOCK LLC et al., Respondents, v COBY HOUSING CORP. et al., Appellants, et al., Defendants. [855 NYS2d 55]—

Plaintiffs sustained their burden of establishing that they were entitled to judgment as a matter of law in this action involving the breach of a 2006 settlement agreement arising out of two interrelated real estate contracts with time of the essence clauses. The record evidence established that plaintiffs duly tendered the signed and notarized deed and other closing documents, while defendants-appellants failed to tender the requisite $95 million for the Florida property, the closing of which was to take place simultaneously with the closing of certain real property in New York. This constituted a material breach of the contract entitling plaintiffs to retain the $4.5 million deposit (*see New Colony Homes, Inc. v Long Is. Prop. Group, LLC*, 21 AD3d 1072 [2005]; *Friedman v O'Brien*, 287 AD2d 311, 312 [2001]). The burden then shifted to appellants to raise a triable issue that plaintiffs failed to satisfy their obligations under the parties' agreements, thereby allowing them to terminate the agreements and receive the return of their contract deposit. Appellants failed to sustain this burden.

Appellants' position that they were excused from closing on the basis that plaintiffs breached their obligation to maintain the premises imposed by section 4.4 (a) of the Florida Property

Contract, which section was reaffirmed in the 2006 settlement agreement, is not supported by the express language of the agreements. Appellants agreed to purchase the property in "as is" condition and, under section 1 of the 2006 settlement agreement, waived any breaches that occurred prior to the execution of that agreement. Moreover, the preclosing maintenance covenant was not a condition precedent to appellants' obligation to close, and appellants otherwise failed to substantiate their claims concerning plaintiffs' alleged failure to maintain the property (*see Sikander v Prana-BF Partners*, 22 AD3d 242 [2005]). We next reject appellants' claim that plaintiffs failed to timely deliver all schedule 2 documents as required by the 2006 settlement agreement inasmuch as it contradicts the position taken by them before the motion court. In any event, the time of the essence provision contained in the Florida Property Contract concerning documents does not apply to the schedule 2 documents which were required to be produced for the first time as part of the 2006 settlement agreement. Regarding appellants' argument that plaintiffs breached the representation in section 5.2 (m) of the Florida Property Contract by entering into a renewed lease with Florida East Coast Railway, L.L.P., which required that a fence be installed by the Florida property owner, it was appellants who demanded that the lease be renewed, and appellants had ample opportunity prior to the time of the essence closing date to insist that plaintiffs erect the fence, but failed to do so.

The court properly awarded interest and prevailing-party attorneys' fees against all appellants since this action is premised upon a breach of the 2006 settlement Agreement, which was signed by all appellants, and reaffirmed the interdependency of the two real estate transactions, and the parties' obligations concerning attorneys' fees.

We have considered appellants' remaining contentions and find them unavailing. Concur—Andrias, J.P., Gonzalez, Nardelli and Sweeny, JJ. [*See* 15 Misc 3d 1101(A), 2007 NY Slip Op 50454(U).]