■ 115-117 Nassau St., LLC, et al., Respondents-Appellants, v Nassau Beekman, LLC, et al., Appellants-Respondents. [903 NYS2d 25]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered February 23, 2009, which, inter alia, granted plaintiffs' motion for summary judgment to the extent of declaring that defendants had defaulted on their obligation to close under an agreement for the sale of a premises, thereby terminating the agreement and forfeiting the down payment made thereunder, denied plaintiffs' motion to the extent that it sought a similar declaration that defendants had defaulted on their obligation to close under a related agreement for the sale of air space rights, denied defendants' cross motion for summary judgment and dismissed their counterclaims related to the premises transaction, unanimously affirmed, without costs.

Defendants defaulted under a real estate purchase and sale agreement when they failed to proceed with the closing, the time of which plaintiffs properly made "of the essence" after having consented to defendants' previous request for two adjournments of the closing (*see Friedman v O'Brien*, 287 AD2d 311 [2001]). Plaintiffs acted within their rights by refusing to consent to an additional adjournment, and once the closing was aborted, were under no obligation to entertain further proposals from defendants, "for if defendant[s] had failed to satisfy a material element of the contract, [they were] already in default" (*Grace v Nappa*, 46 NY2d 560, 566 [1979]). Defendants' default entitled plaintiffs to declare the agreement terminated and to retain the down payment (*see Friedman*, 287 AD2d 311; *Zahl v Greenfield*, 162 AD2d 449 [1990], *lv denied* 76 NY2d 709 [1990]).

Defendants also defaulted under a separate agreement to purchase appurtenant air space rights from plaintiffs when they failed to proceed with closing on that transaction, the time of which had also been made "of the essence." However, having reviewed the record, we agree with the Supreme Court that summary judgment on that issue was precluded by a triable issue of material fact as to whether the parties entered the agreement to purchase air space rights under a mutual mistaken belief that such rights were available (*see Matter of Gould v Board of Educ. of Sewanhaka Cent. High School Dist.*, 81 NY2d 446, 453 [1993]). Concur—Tom, J.P., Andrias, Catterson, Moskowitz and Acosta, JJ.