(March 22, 2011)

■ WILLIAM CHAMPION et al., Respondents, v BLUE WATER ADVISORS, INC., Also Known as BLUE WATER ADVISORS LLC, Appellant, et al., Defendant. [919 NYS2d 21]—

The motion court properly granted summary judgment to the plaintiff purchasers (*see Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003]; *Atlantic Dev. Group, LLC v 296 E. 149th St., LLC*, 70 AD3d 528 [2010]). "When 'time of the essence' is expressly stated, the parties are obligated to strictly comply with the terms of the contract" (*Milad v Marcisak*, 307 AD2d 281, 282 [2003]). Plaintiffs demonstrated that they were prepared to close on June 9, 2009, and that the "time of the essence" date was set out in the parties' agreement. This entitled plaintiffs to demand immediate performance. When the seller failed to appear at the closing on June 9, the purchasers were within their rights to declare the seller in default (*see Grace v Nappa*, 46 NY2d 560, 565-566 [1979]; *115-117 Nassau St., LLC v Nassau Beekman, LLC*, 74 AD3d 537 [2010]). The fact that the seller claims it was ready and willing to close a day or two after the "law day" is immaterial (*see Spiegel v Kessler*, 216 AD2d 239, 241 [1995]). Once the seller was in breach, the purchasers had no further duty to entertain the seller's proposed alternate closing dates (*see Grace v Nappa* at 566; *115-117 Nassau St., LLC v Nassau Beekman, LLC* at 537). Accordingly, the motion was properly granted and the cross motion was properly denied. Concur—Gonzalez, P.J., Friedman,

Catterson, Renwick and Abdus-Salaam, JJ. 