Rodrigues NBA, LLC v Allied XV, LLC (2018 NY Slip Op 06129)





Rodrigues NBA, LLC v Allied XV, LLC


2018 NY Slip Op 06129


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-05404
 (Index No. 708202/16)

[*1]Rodrigues NBA, LLC, appellant, 
v
Allied XV, LLC, respondent.


Coran Ober P.C., Flushing, NY (Steven T. Beard of counsel), for appellant.
David W. Graber, Great Neck, NY, for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered May 3, 2017. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing the defendant's counterclaims.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff (hereinafter the seller) and the defendant (hereinafter the buyer) entered into a contract for the sale of certain real property located in Queens. Pursuant to the contract of sale, the buyer made a down payment in the total sum of $375,000.
Although the contract of sale specified a date for the closing, the parties agreed to adjourn the closing to a later date. Eventually, the seller sent the buyer a "time of the essence" letter. The letter, which was dated June 21, 2016, set June 30, 2016, as the closing date. The buyer rejected that closing date, alleging that certain ongoing administrative proceedings involving the subject property violated the terms of the contract of sale. The buyer did not appear at the closing.
The seller commenced this action, inter alia, to recover damages for breach of the contract of sale. The seller sought to retain the down payment as liquidated damages as specified in the contract of sale. The buyer interposed an answer with related counterclaims. The buyer sought the return of the down payment, alleging that the seller breached the contract of sale.
The seller moved, among other relief, for summary judgment on the complaint and dismissing the buyer's counterclaims. The buyer opposed the motion. In the order appealed from, the Supreme Court denied those branches of the seller's motion which were for summary judgment on the complaint and dismissing the buyer's counterclaims. The court concluded that the time of the essence letter was a nullity because it did not provide the buyer with a reasonable amount of time in which to act and, in any event, that the seller failed to demonstrate that it was ready, willing, and able to perform on the scheduled date. The seller appeals.
"When, as here, a contract for the sale of real property does not make time of the essence, the law permits a reasonable time in which to tender performance, regardless of whether the contract designates a specific date for performance" (Point Holding, LLC v Crittenden, 119 AD3d 918, 919; see Revital Realty Group, LLC v Ulano Corp., 112 AD3d 902, 904). Where there is an indefinite adjournment of the closing date specified in the contract of sale, "some affirmative act has to be taken by one party before [it] can claim the other party is in default; that is, one party has to fix a time by which the other must perform, and [it] must inform the other that if [it] does not perform by that date, [it] will be considered in default" (Royce v Rymkevitch, 29 AD2d 1029, 1030; see Cave v Kollar, 296 AD2d 370, 371; Tarlo v Robinson, 118 AD2d 561, 566).
In order to make time of the essence, "there must be a clear, distinct, and unequivocal notice to that effect giving the other party a reasonable time in which to act" (Zev v Merman, 134 AD2d 555, 557, affd 73 NY2d 781; see Point Holding, LLC v Crittenden, 119 AD3d at 919; Revital Realty Group, LLC v Ulano Corp., 112 AD3d at 904). "What constitutes a reasonable time for performance depends upon the facts and circumstances of the particular case" (Ben Zev v Merman, 73 NY2d 781, 783). "Included within a court's determination of reasonableness are the nature and object of the contract, the previous conduct of the parties, the presence or absence of good faith, the experience of the parties and the possibility of prejudice or hardship to either one, as well as the specific number of days provided for performance" (id. at 783). "The determination of reasonableness must by its very nature be determined on a case-by-case basis" (id.). "[T]he question of what constitutes a reasonable time is usually a question of fact" (Hegeman v Bedford, 5 AD3d 632, 632).
Here, the seller failed to establish, prima facie, that the time of the essence letter provided the buyer with a reasonable time within which to close (compare Iannucci v 70 Wash. Partners, LLC, 51 AD3d 869, 871, 3M Holding Corp. v Wagner, 166 AD2d 580, Nissenbaum v Ferazzoli, 143 AD2d 823, 823, and Mazzaferro v Kings Park Butcher Shop, 121 AD2d 434, 435-436, with Woodwork Display Corp. v Plagakis, 137 AD2d 809, 813-814, Shannon v Simon, 128 AD2d 859, 860, and Perillo v De Martini, 54 AD2d 691, 692). Furthermore, the seller's submissions failed to eliminate triable issues of fact as to whether the property was the subject of ongoing administrative proceedings, in violation of the contract of sale, which could be completely resolved at the scheduled closing or within a reasonable time thereafter (cf. Ilemar Corp. v Krochmal, 44 NY2d 702, 703; Cohen v Kranz, 12 NY2d 242, 246). Under these circumstances, the seller failed to sustain its burden of demonstrating that it was ready, willing, and able to convey title in accordance with the contract of sale (cf. Vision Enters., LLC v 111 E. Shore, LLC, 92 AD3d 868, 870; Pinhas v Comperchio, 50 AD3d 1117, 1117). Since the seller failed to establish its prima facie entitlement to summary judgment on the complaint and dismissing the buyer's counterclaims, we agree with the Supreme Court's determination to deny those branches of its motion, without consideration of the sufficiency of the buyer's opposing papers (see Revital Realty Group, LLC v Ulano Corp., 112 AD3d at 904-905; Iannucci v 70 Wash. Partners, LLC, 51 AD3d at 872).
ROMAN, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court