Second Ave. Group LLC v Capdell LLC (2019 NY Slip Op 00037)





Second Ave. Group LLC v Capdell LLC


2019 NY Slip Op 00037


Decided on January 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 3, 2019

Friedman, J.P., Richter, Gesmer, Kern, Moulton, JJ.


656611/17 7995 7994

[*1]Second Avenue Group LLC, Plaintiff-Appellant,
v
Capdell LLC, Defendant-Respondent.


The Price Law Firm, LLC, New York (Joshua Price of counsel), for appellant.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale (Philip J. Campisi, Jr., of counsel), for respondent.



Orders, Supreme Court, New York County (Gerald Lebovitz, J.), entered June 26, 2018, which denied plaintiff's order to show cause seeking a declaratory judgment that defendant seller was in breach of a contract to sell real property; granted defendant's cross motion to dismiss the action against it; vacated plaintiff's notice of pendency; and directed that plaintiff's down payment of $190,000 held in escrow be released to defendant, unanimously affirmed, without costs.
Plaintiff purchaser failed to demonstrate, as a matter of law, that it was entitled to a return of its down payment (see Donerail Corp. N.V. v 405 Park LLC, 100 AD3d 131, 137 [1st Dept 2012]; see also Martocci v Schneider, 119 AD3d 746, 748 [2d Dept 2014]). Plaintiff failed to establish that defendant seller was in breach of the contract since defendant submitted evidence that the subject premises were insured by a reputable title insurance company pursuant to the contract of sale and that the plain language of the contract did not obligate defendant to cure violations, post-contract, from the NYC Department of Buildings. Although the March 30, 2017 contract of sale did not contain a time is of the essence provision, the parties entered into a stipulation to extend the closing date to November 1, 2017 at the office of defendant's counsel and provided that time was of the essence (see Miller v Almquist, 241 AD2d 181, 185 [1st Dept 1998]). The court denied plaintiff's motion to stay the closing date on October 30, 2017. Defendant sent plaintiff documents for the closing, again declared it was ready, willing and able to close, and provided the time and location to close. Plaintiff defaulted, as it failed to appear at the closing (see Donerail Corp., 100 AD3d at 137-138; 115-117 Nassau St., LLC v Nassau Beekman, LLC, 74 AD3d 537, 537 [1st Dept 2010]).
As there are no issues of fact whether defendant was ready, willing and able to perform at closing (see Jian Yun Guo v Azzab, 162 AD3d 754, 754-755 [2d Dept 2018]), and in light of plaintiff's failure to show a lawful excuse, the court properly granted defendant summary judgment, vacated plaintiff's notice of
pendency, and awarded defendant the down payment as liquidated damages (see Donerail, 100 AD3d at 138). We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 3, 2019
CLERK